UNITED STATES, Respondent

v

TIMOTHY GOODING, JR., Private First Class,
U. S. Army, and HENRY AXEL, JR.,
Private, U. S. Army, Petitioners

18 USCMA 188, 39 CMR 188

No. 20,720

March 21, 1969

*Captain Carmen P. Belefonte* argued the cause for Petitioners. With him on the brief were *Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker, Captain Anthony F. Cilluffo,* and *Captain Ray R. Williams, Jr.*

*Major William A. Pope, II,* argued the cause for Respondent. With him on the brief were *Lieutenant Colonel David Rarick, Major Edwin P. Wasinger, Major John F. Webb, Jr.,* and *Captain Gregory U. Evans.*

## Opinion of the Court

QUINN, Chief Judge:

At a joint trial in 1967, with a third accused named Jones, the petitioners were convicted of rape by a general court-martial in Germany. Jones was represented by one lawyer and the petitioners were represented by a different lawyer. Included in the record of trial was an inculpatory pretrial statement by Jones in which he also implicated the petitioners in the commission of the offense. The statement had been admitted into evidence without objection by the petitioners and with appropriate cautionary instructions by the law officer to the court members to disregard all the references therein to the petitioners in considering their guilt or innocence. See Delli Paoli v United States, 352 US 232, 1 L Ed 2d 278, 77 S Ct 294 (1957). The petitioners appealed the conviction to this

Court alleging, in part, that they were denied a fair trial because of the admission into evidence of Jones' statement. The petition was denied January 8, 1968, 17 USCMA 659. Later, the petitioners requested a rehearing on the ground that in a case then pending undetermined in the Supreme Court of the United States, the Solicitor General of the United States had conceded that, in the circumstances of the case, a similar trial ruling constituted prejudicial error as to the accused named in the co-accused's confession. Bruton v United States, 391 US 123, 20 L Ed 2d 476, 88 S Ct 1620 (1968). Reconsideration was denied January 31, 1968, 17 USCMA 661. Thereafter, the Supreme Court decided *Bruton.* It overturned Delli Paoli's "basic premise" that, at a joint trial of several accused, instructions to the

188

jury to disregard a confession by one accused which implicates the others in determining guilt or innocence of the latter is "an adequate substitute for" the constitutional right of cross-examination of the confessing accused. 391 US, at pages 131, 137. Thereupon, this application for post-conviction relief was filed. The petitioners reiterate their contention that they were denied the constitutional right to cross-examine Jones, and that while *Bruton* was decided subsequent to their trial, it is retroactive to the date thereof. Roberts v Russell, 392 US 293, 20 L Ed 2d 1100, 88 S Ct 1921 (1968).

Bruton was tried jointly with Evans. Evans had made oral pretrial confessions which also implicated Bruton. His statements were admitted into evidence, with appropriate instructions to the jury that it could not consider against Bruton any references to him in Evans' confession. Evans did not testify as a witness. The Supreme Court held that, as to Bruton, Evans' pretrial confession was inadmissible hearsay. The Court acknowledged, however, that the admission of inadmissible hearsay does not necessarily constitute reversible error. It determined there were "some contexts in which the risk that the jury will not, or cannot, follow instructions [to disregard the hearsay] is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." 391 US, at page 135. It concluded that a confession by one accused which implicated his co-accused was not likely to be ignored by the jury; consequently, adverse evidence would be received against the co-accused from an available witness as to whom he did not have an opportunity to cross-examine. Bruton, therefore, was denied the constitutional right to confront a witness who gave testimony against him.

This case is different from *Bruton*. Jones took the stand and testified at length. By so doing, he opened his testimony and his demeanor to searching cross-examination by counsel for the petitioners. True, Jones was not asked any questions by petitioners, but the petitioners had full and unencumbered opportunity to cross-examine him. So far as the constitutional right of confrontation is concerned, what is important is that the accused has an unfettered opportunity to cross-examine, not whether he cross-examines in fact. As the Supreme Court has pointed out, "an adequate opportunity for cross-examination" satisfies the confrontation clause. Douglas v Alabama, 380 US 415, 418, 13 L Ed 2d 934, 85 S Ct 1074 (1965). See also United States v Eggers, 3 USCMA 191, 11 CMR 191. Clearly, therefore, this case satisfies the constitutional principle expounded in *Bruton* and provides no support for the present application.

Similarly, the *Douglas* case does not help the petitioners. In that case, a co-accused Loyd made a pretrial confession which implicated Douglas. At trial his confession was admitted into evidence; in addition, Loyd was called as a witness by the Government. On the stand, Loyd asserted his constitutional right against self-incrimination, and steadfastly refused to answer any questions as to his pretrial statement or the offense. The Supreme Court held that, since "effective confrontation of Loyd was possible only if Loyd affirmed the statement as his," Loyd's refusal to say anything denied Douglas the right to cross-examine him. 380 US, at page 420. Here, Jones testified freely and at length. Unlike the witness in *Douglas,* he not only acknowledged that he signed the pretrial statement, but testified as to the circumstances under which he and the petitioners had intercourse with the alleged victim. True, he denied using some of the phraseology that appeared in the pretrial statement, attributing it to the officer who typed the statement, but these denials did not insulate him from cross-examination, as did the witness' assertion of the privilege against self-incrimination in the *Douglas* case. At no time during his testimony did Jones refuse to answer any questions, either as to the pretrial statement or as to his version of the encounter with the girl with whom he and the petitioners

had intercourse. It is apparent, therefore, that the petitioners were not in any way hindered from directly and specifically challenging Jones as the source of any adverse evidence that the court members might consider in their deliberations on the petitioner's guilt or innocence.

We have examined the record from the perspective of recent constitutional doctrine and "we are satisfied that the accused was fairly charged, convicted, and tried, without any error prejudicial to a substantial right." United States v Frischholz, 16 USCMA 150, 153, 36 CMR 306. Compare Jones v United States, 392 US 299, 20 L Ed 2d 1104, 88 S Ct 2050 (1968), with Mittelman v United States, 392 US 917, 20 L Ed 2d 1379, 88 S Ct 2050 (1968); see also Courtney v United States, 390 F2d 521 (CA9th Cir) (1968), certiorari denied, 393 US 857, 21 L Ed 2d 126, 89 S Ct 98 (1968). Accordingly, we deny the instant application.

Judge DARDEN concurs.

FERGUSON, Judge (dissenting):

I dissent.

The pretrial inculpatory statement of Jones, implicating Gooding and Axel in the charged offense, was clearly hearsay as against these two petitioners. This was recognized by all at trial, as evidenced by the law officer's cautionary instructions to the court members to disregard all references therein to the petitioners in considering their guilt or innocence.

When Jones took the stand, he did so in his own defense and repudiated his pretrial statement. He testified he was tricked into implicating Gooding and Axel by the investigators who told him that Gooding had already given a statement alleging that Jones had held the girl down and threatened her with a knife. The purported purpose of his statement, according to Jones, was suggested by his interrogator who allegedly told Jones: " 'We have reason to believe that he [Gooding] did this, but he's trying to put the finger on you.' " In his trial testimony, Jones admitted having had intercourse with the victim. He testified that he had no

doubt that she was willing, "[b]ecause she didn't give me any reason to have any doubt." His recitation as to the activities of these two petitioners was in accord with their pretrial statements and their trial testimony that the alleged victim did not object to having intercourse with them.

At the time this case was tried, the rule in Delli Paoli v United States, 352 US 232, 1 L Ed 2d 278, 77 S Ct 294 (1957), allowed the admission into evidence of a confession of one of several accused, tried jointly, as long as the jury was properly instructed to ignore the confessor's inculpation of the nonconfessor in determining the latter's guilt. However, in Bruton v United States, 391 US 123, 20 L Ed 2d 476, 88 S Ct 1620 (1968), the Supreme Court specifically overruled Delli Paoli, supra, saying:

". . . We hold that, because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's guilt, admission of Evans' [Bruton's co-accused] confession in this joint trial violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment. We therefore overrule Delli Paoli and reverse.

• • • • • •

". . . Plainly, the introduction of Evans' confession added substantial, perhaps even critical, weight to the Government's case in a form not subject to cross-examination, since Evans did not take the stand."

My brothers find this case different from *Bruton* on the ground that in this case Jones took the stand and testified at length. While acknowledging that counsel for Gooding and Axel (Jones was defended by separate counsel) did not ask Jones any questions, they contend, citing Douglas v Alabama, 380 US 415, 13 L Ed 2d 934, 85 S Ct 1074 (1965), that it is the *opportunity* to cross-examine which is important and not whether cross-examination was in fact conducted. But *Douglas* goes further than my brothers indicate for in that case the Supreme Court held that

the Sixth Amendment to the Constitution is satisfied only if the confrontation is an "effective" one.

Douglas and one Loyd were tried separately on charges of assault with intent to murder. Loyd was tried first and found guilty. The State then called Loyd as a witness at Douglas' trial. When Loyd, whose case was on appeal, refused to answer any questions despite the Judge's order to do so, he was declared a hostile witness and the prosecution was given the privilege of cross-examination. The prosecution then produced a document said to be a confession signed by Loyd. Under the guise of cross-examination to refresh Loyd's recollection, the prosecutor purported to read from the document, pausing after every few sentences to ask Loyd, in the presence of the jury, " 'Did you make that statement?' " Each time, Loyd asserted the privilege and refused to answer, but the prosecutor continued this form of questioning until the entire document had been read. He then called three law enforcement officers who identified the document as embodying a confession made and signed by Loyd. The Court held,

> "In the circumstances of this case, petitioner's inability to cross-examine Loyd as to the alleged confession plainly denied him the right of cross-examination secured by the Confrontation Clause. . . . Loyd could not be cross-examined on a statement imputed to but not admitted by him. . . . [E]ffective confrontation of Loyd was possible only if Loyd affirmed the statement as his. However, Loyd did not do so, but relied on his privilege to refuse to answer." [*Douglas,* supra, at pages 419, 420.]

The application of *Douglas* in consonance with *Bruton* was recognized by the Court of Appeals, 6th Circuit, in .Townsend v Henderson, 4 Criminal Law Reporter 2338 (1969). After determining that a confession by a co-accused should not have been admitted, because of the circumstances under .which it was obtained, the court said:

> "The remaining question is wheth-

er the admission of Terry's confession, which was of crucial significance in the case against his co-defendant Townsend, requires reversal of the judgement [sic] against Townsend. Bruton v United States, 391 US 123 (1968), seems to us to be decisive on this point. * * *

> "The only possible distinction between the present case and Bruton is that in Bruton the co-defendant did not take the witness stand, whereas here Terry did testify in his own behalf. But, this distinction is unimportant since, although Terry was called as a witness, he denied making the confession. Townsend therefore had no effective right of cross-examination in regard to the confession. A similar question was presented in Douglas v Alabama, 380 US 415, 420 (1965), and it was there held 'effective confrontation of Loyd was possible only if Loyd affirmed the statement as his.'

> "Clearly, too, in a case like this the rule of Bruton should be given retrospective effect. Roberts v Russell, 392 US 293 (1968)." [4 Criminal Law Reporter 2338, 2339.]

In People v Williams, 105 Ill App 2d 25, 245 NE2d 17, 4 Criminal Law Reporter 2354 (1969), it was held that where a co-accused testified, the right of confrontation was satisfied. However, that court distinguished its prior "decision of People v Scott and Walker, 100 Ill App 2d 473, No. 51096, 51097, in which we held that the use of a co-defendant's extrajudicial inculpating statement was prejudicial error despite warnings by the court that the statement should be considered only as to the defendant who made the statement. In that case, we cited Bruton v United States, supra, and Roberts v Russell, . . . [392 US 293, 20 L Ed 2d 1100, 88 S Ct 1921 (1968)]. In Scott, the purported maker of the statement did take the stand as in the case at bar, but in that case, we emphasized that confrontation would be meaningless and cross-examination would be futile since the maker denied making the incriminating statement."

I believe the rationale of these .cases

to be applicable to the facts of this case. I perceive no difference between a denial that a certain statement was made and a denial of the truth thereof. In either event an "effective confrontation" is impossible (Douglas v Alabama, supra) and the rule of *Bruton* applies. In *Bruton*, the Supreme Court characterized *Douglas* as having "circumstances analogous to those in the present case."

It is not the pretrial statement which serves as the subject matter of the confrontation but the testimony of the co-defendant at trial. People v Williams, supra. As the Court stated in Lipscomb v Maryland, — Md —, — A2d —, 4 Criminal Law Reporter 2284 (1968):

". . . The present case is unlike *Bruton*, however, since here the confessing co-defendant, Dabney, did testify at the trial, and was cross-examined by the appellant, so that his Sixth Amendment right to confront and cross-examine Dabney was not violated. As the appellant had not closed his case prior to Dabney's testimony, *such testimony was, under the circumstances, properly in evidence as against the appellant. Of course, the testimony of Officer Helmick that Dabney had told him that appellant was the perpetrator of the crime was not admissible as against the appellant and the court properly so held.*" [Emphasis supplied.]

In *Bruton*, the Supreme Court did not carve out a new rule for admissibility, in a joint trial, of a pretrial statement of a co-accused, but simply repudiated the basic premise of *Delli Paoli* that "it is 'reasonably possible for the jury to follow' sufficiently clear instructions to disregard the confessor's extrajudicial statement that his codefendant participated with him in committing the crime. 352 US at 239, 1 L Ed 2d at 284." In an extensive citation of authority, the court demonstrated the basis for its action[1] and concluded with the observation that while in some cases a jury might be able to follow cautionary instructions, the situation presented in *Bruton* is not one of them:

". . . [A]s was recognized in Jackson v Denno, supra, there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Compare Hopt v Utah, . . . [120 US 430, 438, 30 L Ed 708, 711, 7 S Ct 614 (1887)]; Throckmorton v Holt, 180 US 552, 567, 45 L Ed 663, 671, 21 S Ct 474; Mora v United States, 190 F2d 749; Holt v United States, 94 F2d 90. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial. Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others. The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed. Pointer v Texas, supra."

An accused is entitled to confrontation of the witnesses *against him* and the right to cross-examine them. But Jones was not a witness against these petitioners. His testimony was not adverse but exculpatory, both as to him-

---

[1] See generally Jackson v Denno, 378 US 368, 12 L Ed 2d 908, 84 S Ct 1774, 1 ALR3d 1205 (1964); Pointer v Texas, 380 US 400, 13 L Ed 2d 923, 85 S Ct 1065 (1965); People v Aranda, 63 Cal 2d 518, 529, 407 P2d 265, 271– 272 (1965); Rule 14, Federal Rules of Criminal Procedure; Anderson v United States, 318 US 350, 356–357, 87 L Ed 829, 833, 63 S Ct 599 (1953). Cf. Burgett v Texas, 389 US 109, 115, 19 L Ed 2d 319, 325, 88 S Ct 258 (1967).

self and the petitioners, on the vital issue of the victim's consent. His testimony was in contradiction of his pretrial statement. There was simply no adverse testimony from Jones on which counsel for Gooding and Axel could cross-examine. Whatever Jones' testimony, his extrajudicial statement is still applicable only as to himself and may not be considered in determining the guilt or innocence of these petitioners. This is a basic rule of evidence. In *Bruton*, the Court said: "The reason for excluding this evidence as an *evidentiary* matter also requires its exclusion as a *constitutional* matter." (*Id.*, Footnote 12, at page 485.) And Mr. Justice Stewart, in his concurring opinion, stated, "an out-of-court accusation is universally conceded to be constitutionally *inadmissible* against the accused, rather than admissible for the little it may be worth." (*Id.*, at page 486.)

Since Jones contested the voluntariness of his pretrial admission, the court was placed in a position of first determining that issue. We, of course, have no way of knowing how they decided the question. But, even assuming the court accepted Jones' claim that he was tricked by the interviewing agents, they were still confronted not only with the responsibility of rejecting the statement as to Jones but also the extremely difficult task of wiping from their minds any reference therein to the petitioners. Of course, if the court considered the statement as voluntary, the latter task is impossible despite cautionary instructions. See Bruton v United States, supra, quoting from the dissent of Mr. Justice Frankfurter in *Delli Paoli*, and from the concurring opinion of Mr. Justice Jackson in Krulewitch v United States, 336 US 440, 453, 93 L Ed 790, 799, 69 S Ct 716 (1949).

I have carefully examined the cases cited by the majority as support for their view (Jones v United States, 392 US 299, 20 L Ed 2d 1104, 88 S Ct 2050 (1968); Mittelman v United States, 392 US 917, 20 L Ed 1379, 88 S Ct 2050 (1968); Courtney v United States, 390 F2d 521 (CA9th Cir) (1968), certiorari denied, 393 US 857, 21 L Ed 2d 126, 89 S Ct 98 (1968)), and find them not persuasive.

Jones and Mittelman were tried jointly and convicted of perjury (374 F2d 414 (CA2d Cir) (1967)). At their trial, *neither defendant testified* but transcripts of their prior testimony before the Grand Jury were read in evidence, with instructions, however, that the testimony was not to be considered except as to the one whose testimony it was. On appeal, the Supreme Court, without comment, denied certiorari to Mittelman, but reversed Jones' conviction, citing Bruton v United States, supra, and Roberts v Russell, supra. We have no way of knowing why Mittelman was denied his appeal but it can logically be assumed that the Grand Jury testimony of Jones did not implicate his co-accused.

The denial of certiorari in Courtney v United States, supra, is in accord with the decisions in People v Williams; Lipscomb v Maryland, both supra. Courtney's co-accused, Kornhaber, testified in his own defense at trial and *in accordance with his pretrial statement* to two FBI agents. Thus he was subject to cross-examination on the same information by counsel for Courtney. The statement itself was usable only against Kornhaber, who, incidentally was acquitted.

I would grant the present petition (Bruton v United States; Roberts v Russell, both supra) and direct that a rehearing may be ordered.