**UNITED STATES, Appellee,**

v.

**Felix A. MORALES, Private First Class, U. S. Army, Appellant.**

**No. 29,297.**

U. S. Court of Military Appeals.

Aug. 1, 1975.

88

Captain Gordon R. Denison argued the cause for Appellant, Accused. With him on the brief were *Colonel Victor A. DeFiori, Lieutenant Colonel James Kucera,* and *Captain Winston E. King.*

Captain Gary F. Thorne argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway* and *Lieutenant Colonel Donald W. Hansen.*

## OPINION OF THE COURT

COOK, Judge:

Reviewing accused's conviction of two drug offenses, the Army Court of Military Review determined that prosecution exhibits indicating previous misconduct by the accused "did not qualify as official records" and were, therefore, legally inadmissible. *United States v. Morales,* 49 C.M.R. 458, 461 (A.C.M.R. 1974). Although the entire court agreed that the inadmissible evidence resulted in a "more severe" sentence than the court-martial would have imposed had the improper evidence not been before it, a majority refused relief to the accused because at trial defense counsel had interposed no objection to the evidence. Proceeding under the provisions of Article 67(b)(2), Uniform Code of Military Justice, 10 U.S.C. § 867, the Acting Judge Advocate General of the Army has asked this Court to determine whether the Court of Military Review correctly applied "the doctrine of waiver."

Subsequent to the Court of Military Review's action, we decided *United States v. Graves,* 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975), in which we reviewed the effect of the absence of objection by defense counsel upon the trial judge's obligation to conduct the trial in accordance with established principles. We emphasized that, absent circumstances indicating an affirmative waiver by defense counsel of appropriate judicial action required by the evidence, the trial judge was not relieved of his independent duty to take such action. More recently, we held that when "the prosecutor's own exhibit demonstrated the absence" of a sound basis for its admission into evidence, the trial judge must exclude it despite the absence of objection by defense counsel. *United States v. Heflin,* 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975).

Here, the Court of Military Review acknowledged that several of the Government's exhibits as to previous misconduct by the accused contained deficiencies which, on their face, demonstrated that they did not qualify for admission into evidence. The court's unanimous determination that the evidence probably resulted in a more severe punishment confirms the record indication that defense counsel did not perceive or contemplate a tactical advantage from the admission of the exhibits into evidence. The court, therefore, should not have refused to consider the consequence of the erroneous trial ruling.

We answer the certified question in the negative and reverse the decision of the Army Court of Military Review as to the sentence. The record of trial is returned to the Acting Judge Advocate General of the Army for resubmission to the Court of Mili-

tary Review for further proceedings consistent with this opinion.

Chief Judge FLETCHER and Senior Judge FERGUSON concur.