## UNITED STATES

v.

**Private (E-2) George GARAY, Jr., 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, U. S. Army, 184th Ordnance Company, APO New York 09166.**

**CM 433589.**

U. S. Army Court of Military Review.

Sentence Adjudged 10 April 1975.

Decided 15 Dec. 1975.

Appellate Counsel for the Accused: CPT Derryl W. Peden, JAGC; CPT John C. Carr, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC

Appellate Counsel for the United States: CPT Nancy Giorno, JAGC; CPT Jonathan Glidden, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

DONAHUE, Judge:

The appellant was convicted of wrongful possession of fifty tablets of Mandrax in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892. The approved sentence appears above.

Appellant assigns several errors, one of which we believe merits discussion. In this assignment of error he alleges that he was convicted on the basis of evidence which was the product of an unlawful search and seizure. We affirm.

On the evening of 8 February 1975, Staff Sergeant Tufte, the Charge of Quarters, was approached by Private Gutierrez, a member of the unit. Gutierrez told Tufte that someone was selling marihuana in a certain room of the unit's quarters. Tufte checked the designated room, saw the appellant, who was a member of the same unit, but no suspicious activity. Later, Gutierrez told Tufte that the individual was now selling in another room which Tufte also checked with negative results.

A short time later the appellant approached Tufte to ask permission to accompany an injured man to the hospital. While

they were talking, Gutierrez approached and through sign language indicated to Tufte that the appellant was the man he had implicated earlier. Tufte, on the pretense of considering the appellant's request, had the appellant accompany him to the orderly room where he read the appellant his rights under Article 31, UCMJ, and told him that he suspected him of possession of drugs. On Tufte's direction, appellant emptied most of his pockets of their contents. However, he refused to empty a jacket pocket that noticeably bulged.

There followed several attempts by the appellant to escape from Tufte's custody, but Tufte each time pursued him and regained custody. Eventually, in response to a telephone call, Captain Cheatham, the unit commander, arrived at the unit. Cheatham asked the appellant to accompany him to his office and again the appellant bolted but was twice recaptured. Cheatham during this period noted that the appellant was under the influence of some kind of intoxicant. Cheatham, personally searching the appellant, found a bottle made for 100 mandrax tablets in the bulging pocket. It contained 50 mandrax tablets.

At an evidentiary hearing, Cheatham testified that Tufte had relayed to him both the information relative to what Gutierrez had told him and a report as to what Tufte had done since receiving Gutierrez's information. Cheatham also testified that he personally knew both Gutierrez and the appellant. He considered Gutierrez one of the most reliable and trustworthy men in the unit, even though he knew he had been involved to some extent with drugs. Cheatham testified that the appellant had a reputation in the unit for serious drug involvement. Although numerous enlisted men had given Cheatham details of the appellant's drug involvement, the circumstances were always such that no action could be taken.

Cheatham testified that he based his probable cause to search the appellant on the information Tufte had given him, in-

cluding the information originating with Gutierrez; on his knowledge of Gutierrez's credibility; on the fact the appellant was under the influence of some kind of an intoxicant; on the unusual event of the appellant bolting when asked to come to Cheatham's office; and on the large amount of previous information he had received from other members of the unit as to appellant's drug involvement.

■ A search can be based on hearsay information provided the authorizing official, here Captain Cheatham, is aware of facts sufficient to demonstrate the informant's credibility and of underlying facts sufficient to demonstrate the reliability of the informant's source. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). This rule is applicable to trials by courts-martial. The nature of military life sometimes makes the factual setting under which the military magistrate reaches his decision to authorize a search different than in civilian cases. The military magistrate is often, as here, the unit commander of the person to be searched and of the informant who has provided information. He can "consider that the informant had no criminal record and that the informant was not a wrong doer bargaining with the Government for personal advantage such as avoidance of prosecution or the imposition of a lighter sentence, but a citizen volunteering information because he was upset at the drug traffic in his barracks." *United States v. Morales*, 49 C.M.R. 458 (A.C.M.R. 1974) (reversed as to sentence on other grounds, 23 U.S.C.M.A. 508, 50 C.M.R. 647, 1 M.J. 87 (1975)). As pointed out in *United States v. Hernandez-Florez*, 50 C.M.R. 243 (A.C.M.R.1975): "In *Aguilar* the Supreme Court was dealing with the reliability of an informant and the magistrate did not personally know or have prior contact with such informant. The magistrate's conclusion as to reliability of the informant was attempted to be established by hearsay testimony of a police officer." Here, as in *Hernandez-Florez*, the company command-

er/magistrate knew the informant as a reliable member of his unit, who despite some drug involvement, was an acceptable soldier whom he trusted.

In assessing the reliability of Gutierrez's information, Cheatham properly considered the extensive earlier information that he possessed indicating the serious drug involvement of the appellant. *United States v. Gamboa*, 23 U.S.C.M.A. 83, 48 C.M.R. 591 (1974); *United States v. Lewis*, 50 C.M.R. 585 (A.C.M.R.1975). He also properly considered the appellant's unusual conduct of bolting upon being asked to accompany Cheatham to his office. *United States v. Frazier*, 49 C.M.R. 713 (A.C.M.R.1975).

Appellant attacks the quality of the information received from Gutierrez. We conclude that it compares favorably to the quality of information available to the arresting officer in *Draper v. United States.**

 We hold that the search of the appellant was incident to an arrest based on probable cause. The authority to make such a search incident to a lawful arrest requires no justification beyond the arrest itself. *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

The findings of guilty and the sentence are affirmed.

Judges COSTELLO and BAILEY concur.