UNITED STATES, Appellee,

v.

John L. GREEN, Private, U. S. Army, Appellant.

No. 32,509.

CM 432735.

U. S. Court of Military Appeals.

Aug. 22, 1977.

*Captain Steven J. McAuliffe* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Major Joe D. Miller,* and *Captain Lawrence E. Wzorek.*

*Captain Lee D. Schinasi* argued the cause for Appellee, United States. With him on the brief were *Colonel Thomas H. Davis, Major John T. Sherwood, Jr.,* and *Captain Nancy M. Giorno.*

## OPINION OF THE COURT

FLETCHER, Chief Judge:

Appellant's joint trial resulted in a guilty finding on a charge of rape.[1] During the development of the case-in-chief, trial counsel introduced certain pretrial statements previously made by the appellant and his codefendant, Private Michael A. Tyler. Prior to presentation of Tyler's statement to the court members, the judge directed[2] elimination of references therein to the appellant. The trial counsel accomplished this redaction by lining out the name "Green" wherever it appeared. Defense counsel at trial objected to this procedure since the charge as drafted alleged that the act had been committed by Tyler, Green, and Rea-

1. In violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920.

2. The trial judge suggested elimination by "excisions, lining out, covering, or something," ap-

parently following paragraph 140 *b*, Manual for Courts-Martial, United States, 1969 (Revised edition).

dous, so leaving the names of Readous and Tyler in the pretrial statement while blackening the third party's name hardly rendered his identity mysterious. The Defense counsel also sought a change in reference to "the three of us" in Tyler's statement to rephrase it "we." Both objections were overruled.

The statement, as admitted, indicated that as Tyler, Readous, and a third person (lined out) passed through Fort Dix's Infantry Park on the evening of July 18, 1974, they encountered, lying in the grass, a male and female whom they encircled. Tyler approached the pair, struck the male, and proceeded to molest the female. Both Readous and the unidentified third person told the prostrate male not to move. Tyler and Readous "walked" the female to a nearby field where they each raped her. The unidentified third person participated by pulling up the female's dress.

Readous, appearing for the prosecution, substantially confirmed the Tyler narrative and implicated appellant as the unidentified third party. This contradicted Readous' pretrial statement which claimed involvement of a fourth person and that appellant joined the active perpetrators subsequent to the rape.[3] In court the victim was unable to identify the appellant as one of her assailants.

Tyler, however, did not testify on the merits nor was he subjected to any examination regarding his pretrial statement which was admitted after the redactive measures previously described.

In this instance, appellant defended on a theory of "mere presence;"[4] under oath he admitted presence but that he only watched and did not participate in any manner. The Government responded with an invitation for the court members to examine carefully the pretrial statements and pointed to Tyler's phrase "we decided" as a clear indication of Green's responsibility for every act committed during these events of the evening. Trial counsel further argued that the victim's testimony of three people holding her, coupled with Tyler's statement that there was no fourth person involved, indicated that appellant held the victim down.

Appellate defense counsel asserts that codefendant Tyler's redacted statement implicated appellant as a principal, and, since Tyler himself did not testify, appellant was deprived of his Sixth Amendment right of confrontation.[5] Viewing the facts pertinent to this case, we are constrained to find deprivation of this right due to ineffective redaction. We believe the military judge erred in this case by not requiring the prosecution to elect either to forego use of the statement in the joint trial or to move for a severance in order to use the statement only against its maker.

In *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court disallowed admission in a joint trial of a codefendant's extrajudicial statement implicating the defendant, even though admissible against the codefendant, because the codefendant did not subject himself to cross-examination by testifying. This was an express rejection of the prior view[6] that encroachment on the right of confrontation could be cured by instruction to the jury. The *Bruton* rule was subsequently applied by this Court in *United States v. Gooding,* 18 U.S.C.M.A. 188, 39 C.M.R. 188 (1969) and is incorporated into paragraph 140 *b,* Manual for Courts-Martial, United States, 1969 (Revised edition).[7]

---

**3.** The prior statement, according to Readous, was a lie.

**4.** Article 77, UCMJ, 10 U.S.C. § 877. *See, e. g., United States v. Jackson,* 6 U.S.C.M.A. 193, 19 C.M.R. 319 (1955).

**5.** The Sixth Amendment to the Constitution of the United States provides, in pertinent part, that:

> In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.

**6.** *Delli Paoli v. United States,* 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957).

**7.** Paragraph 140 *b,* MCM, 1969 (Rev.), states in part:

> When two or more accused are tried at the same trial, evidence of a statement made by

The effect of the Supreme Court's ruling in *Bruton* was simple repudiation of the rule in *Delli Paoli v. United States,* 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957), which assumed that encroachment on the right of confrontation could be avoided by instructions that the jury disregard inadmissible hearsay evidence. Thus rejected was the proposition that a jury, in determining guilt, could ignore, as to a codefendant, a confession inadmissible against him but admissible against the maker.

In *United States v. Gooding, supra,* the court members were instructed to disregard an inculpatory statement implicating the maker's co-accused. The maker testified at trial and the co-accused "had full and unencumbered opportunity to cross-examine him." *Id.* at 189, 39 C.M.R. at 189. With "an adequate opportunity for cross-examination,"[8] therefore, the case satisfied the constitutional principle of *Bruton,* so there was no necessity for remedial action. Read together, *Bruton, Gooding* and paragraph 140 *b,* MCM, 1969 (Rev.), mandate deletion of any reference to a defendant moving for severance. Implicit in the *Bruton* decision is the premise that instructions alone would not insure that the jury would limit evidence admissible against one defendant to that defendant alone.

■ Redaction techniques have been widely employed and accepted as a viable solution to the *Bruton* problem.[9] We do not consider the phrase "redaction" as subject to equivocity. The *Bruton* standard requires elimination of all references to a co-accused in a confession validly admissible against the maker if a joint accused is denied the constitutional protection of cross-examination. It scarcely needs repeating that direct, contextual, or even implied references should be eliminated.

Additionally, we share the concern of the drafters of the American Bar Association's Minimum Standards for Criminal Justice that the redaction method be properly employed so as not to prejudice the moving defendant. It was not effectively employed here.

Initially, prior to the *Bruton* decision, the drafters of the ABA Standards permitted introduction of an out-of-court statement implicating a moving codefendant "only after all references to the moving defendant have been effectively deleted."[10] In the draft approved after announcement of *Bruton,* the standard was changed to allow admission of the statement in a joint trial where the confession as redacted will not prejudice the moving defendant.[11]

The ABA Standard follows:

2.3 Severance of defendants.

(a) When a defendant moves for a severance because an out-of-court statement of a codefendant makes reference to him but is not admissible against him, the court should determine whether the prosecution intends to offer the statement in evidence at the trial. If so, the court should require the prosecuting attorney to elect one of the following courses:

(i) a joint trial at which the statement is not admitted into evidence;

(ii) a joint trial at which the statement is admitted into evidence only after all references to the moving defendant

---

one of them which is admissible against him only or against him and some, but not all, of his co-accused may not be received in evidence unless all references inculpating an accused against whom it is inadmissible are effectively deleted or the maker of the statement becomes subject to relevant cross-examination.

8. *Douglas v. Alabama,* 380 U.S. 415, 418, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). *See United States v. Eggers,* 3 U.S.C.M.A. 191, 11 C.M.R. 191 (1953).

9. *United States v. Gay,* 522 F.2d 429 (6th Cir. 1975); *United States v. Dority,* 487 F.2d 846 (6th Cir. 1973); *United States v. Trudo,* 449 F.2d 649 (2d Cir. 1971), *cert. denied,* 405 U.S. 926, 95 S.Ct. 975, 30 L.Ed.2d 799 (1972); *Posey v. United States,* 416 F.2d 545 (5th Cir. 1969), *cert. denied,* 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970), *reh. denied,* 397 U.S. 1031, 90 S.Ct. 1267, 25 L.Ed.2d 544 (1970).

10. ABA Standards, Joinder and Severance § 2.3(a) (Tentative Draft, 1967).

11. ABA Standards, Joinder and Severance § 2.3(a) (Approved Draft, 1968).

have been deleted, provided that, as deleted, the confession will not prejudice the moving defendant; or

(iii) severance of the moving defendant.

ABA Standards, Joinder and Severance § 2.3(a) (1968). The commentators amplified the change in the text by saying:

The change in the language of section 2.3(a)(ii) is only intended to give greater emphasis to the fact that courts must exercise great caution in permitting the prosecution to elect the deletion alternative. Given the decision in *Bruton*, it can be anticipated that the effectiveness of deletions will be more frequently challenged. In a great many cases the deletion alternative simply will not be available, as it will be impossible to remove all references to participation of another person in the crime without changing materially the substance of the statement.

. . .

The standard provides that the prosecuting attorney is to elect one of three courses when the defendant moves for a severance because an out-of-court statement of a codefendant makes reference to him but is not admissible against him. This does not mean that it is for the prosecutor to decide, when he elects joint trial with an edited version of the statement, that the statement can be edited as required by section 2.3(a)(ii). This is a matter for the court to pass upon, and if the court rules that the requirements of section 2.3(a)(ii) cannot be met, then the prosecutor would have to elect one of the two remaining alternatives: joint trial at which the statement is not admitted into evidence; or severance of the implicated defendant.[12]

█ Tyler's redacted statement, taken in the factual context of this case, can only be seen as having implicated the accused. Two pretrial statements were successfully introduced at trial. The statement made by the accused describes his activities on the evening of July 18, 1974, and refers to three persons: himself, Private Readous, and a third person blackened out. The second statement executed by co-accused Tyler details his activities on the same evening and lists three persons: himself, Private Readous, and a third person blackened out. The specification lists three persons accused of assault and rape: Tyler, Readous, and Green. These statements and a copy of the charges were in the possession of the court members in the deliberation room.

Unlike the appellants in many of the cases cited by Government counsel,[13] this appellant was one of only three co-actors named in the specification before the court members in their deliberations. Two of these names appeared in the statement in the possession of the factfinders. Trial defense counsel's objection against including the phrase "the three of us" and his request to substitute "we" were denied. Under these circumstances, we believe the military judge properly would have been obliged to grant a motion for severance if one had been made.

Here there was no defense motion for severance and we find no authority for an affirmative obligation on the part of the military judge to sever the cases sua sponte. However, the military judge is obliged to assure the effective elimination of all prejudice to an accused issuing from the statement of a codefendant. If, as here, the redactive method is ineffective and severance is not granted, the statement of the co-accused is not admissible. *See Bruton v. United States, supra,* and cases cited therein. Therefore, the military judge erred in allowing the statement to come before the factfinders over defense counsel's objection.

Furthermore, turning to the trial counsel's argument on the merits, we believe that his invocation of the contents of Tyler's statement to contradict the appellant's defense of non-participation was improper

---

12. ABA Standards, Joinder and Severance § 2.3(a) (Approved Draft, 1968) and supplementary commentary.

13. *See, e. g., Posey v. United States, supra* at 550, where names of 17 codefendants were deleted by use of 82 blanks and the confession was then read to the jury.

and prejudicial to the substantial rights of the accused.

Even on its face, trial counsel's argument on findings was inappropriate.[14] Furthermore, the explicit argument that Tyler's statement "clearly showed that Private Green is clearly responsible for each and every act that was committed that night" was impermissible and utilized the evidence in a manner entirely inconsistent with the purpose for which it was admitted.[15] This argument effectively obviated accused's right of confrontation. We agree with the suggestion of appellate defense counsel that the military judge should have instructed the court not to consider these comments of trial counsel. *See* paragraph 72c, MCM, 1969 (Rev.); *United States v. Morales*, 23 U.S.C.M.A. 508, 50 C.M.R. 647, 1 M.J. 87 (1975); *United States v. Heflin*, 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975); *United States v. Graves*, 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975).

The decision of the United States Army Court of Military Review is reversed and the findings and sentence are set aside. The record is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge PERRY concurs.

COOK, Judge (dissenting):

I do not believe the accused was prejudiced by the admission into evidence of his co-accused's pretrial statement. Although the point is more emphatically apparent in the record, the majority opinion itself implicitly acknowledges a substantial concordance of facts between Tyler's statement and that of the accused. Cross-inculpation of this nature is alone sufficient to render harmless any *Bruton*[1] error in the admission of the statement of the co-accused. *United States ex rel. Duff v. Zelker*, 452 F.2d 1009 (2d Cir. 1971), *cert. denied*, 406

U.S. 932, 92 S.Ct. 1807, 32 L.Ed.2d 134 (1972); *United States ex rel. Catanzaro v. Mancusi*, 404 F.2d 296 (2nd Cir. 1968), *cert. denied*, 397 U.S. 942, 90 S.Ct. 956, 25 L.Ed.2d 123 (1970). In light of the testimony of Readous, the third of the alleged offenders, I have no hesitancy whatsoever to declare my belief that the admission of Tyler's confession was beyond a reasonable doubt harmless to the accused. *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *United States v. Walton*, 538 F.2d 1348 (8th Cir. 1976).

Further, I disagree with the majority's conclusion that trial counsel's remark in regard to Tyler's confession is so prejudicial to the accused as to require reversal of the conviction. First, defense counsel interposed no objection. Second, I believe that trial counsel's statement must be read in the context of what transpired during final argument by accused's counsel; and, when so considered, I believe the court members could not possibly have been persuaded by trial counsel's remark to use Tyler's statement, as the majority say, "in a manner entirely inconsistent with the purpose for which it was admitted." What transpired is as follows:

[DC NORTHROP:] Gentlemen, I would ask you to pay very close attention to the instructions on that burden of proof—beyond a reasonable doubt. Did Private John L. Green go over and hold Dawn Jackson's right arm and right leg as she said he did? Now, the Government has said that two people have testified to that. The defense will even admit that there are three people who will say that happened. The Government mentioned Readous and Dawn Jackson, and I submit that it is clear, despite any obstruction of Private Tyler's statement that he also places Private Green there. We readily admit that. There are three people who place him with the girl. The defense is placed in that very delicate position here.

---

14. Expressions of personal belief in the truthfulness of one's own evidence are improper. *See* paragraph 44 *g*, MCM, 1969 (Rev.); DR7–106(C)(3), ABA Code of Professional Responsibility (1970); ABA Standards, The Prosecution Function § 5.8(b) (1971).

15. *See United States v. Lyon*, 15 U.S.C.M.A. 307, 35 C.M.R. 279 (1965).

1. *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

MJ: One moment, Captain Northrop. Private Tyler's statement does not have the name of Green upon it, does it?

DC NORTHROP: No, sir. I didn't say—

MJ: Private Tyler did not testify so I will instruct the court that Private Tyler's statement does not make any reference to Private Green, so I would ask that that be cleared up at this point.

You may continue.

I would affirm the decision of the United States Army Court of Military Review.