UNITED STATES

v.

**Airman Basic Rickie TERRELL, FR 259–02–2006, 379th Transportation Squadron, Eighth Air Force (SAC).**

**ACM 22273.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 22 June 1977.

Decided 7 Dec. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain David A. Bateman.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before EARLY, ORSER and ARROWOOD, JJ.

ARROWOOD, Judge:

 Appellate defense counsel assert that the accused, being tried for off-base transfer of heroin,[1] received ineffective as-

---

1. We have examined the facts in accordance with the criteria in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971) and *United States v. Hedlund*, 25 U.S.C.M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976), and find the following factors in favor of the exercise of military jurisdiction: (1) both the accused and the transferee were on base at the transferee's

sistance of counsel when his trial defense counsel did not move to strike the direct testimony of a government witness who invoked his privilege against self-incrimination. The only question the witness refused to answer was directed to his general credibility and did not relate to the specific offense charged. In this situation the military judge was not required even on motion, to expunge the direct testimony. *United States v. LaRiche, et al.,* 549 F.2d 1088 (6th Cir. 1977), cert. denied, 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed.2d 383 (1977). Therefore, in this instance the trial defense counsel's failure to move to strike did not amount to ineffective assistance of counsel, as he exercised the customary skill and knowledge required of attorneys in criminal cases. *United States v. Rivas,* 3 M.J. 282 (C.M.A.1977).

The record shows that when defense counsel began his cross-examination of Airman Weate, the following ensued:

Q: Senior Airman Weate, at the time you were searched, did anybody search Detective Chambers?

A: No, no one did.

Q: Now, have you ever used heroin yourself?

A: I would stand on my Article 31 rights in response to that question.

Q: No further questions, Your Honor.

Defense counsel did not move to strike the direct testimony of Airman Weate nor did the military judge give any indication that he would disregard it in his deliberations.[2]

Appellate defense counsel contend that trial defense counsel's failure to move to strike the direct testimony of Airman Weate under these circumstances constituted ineffective assistance of counsel.

In its most recent decision dealing with the problem of an important adverse witness invoking his Article 31-Fifth Amendment privilege[3] against self-incrimination, the Court of Military Appeals observed:

As a general proposition, when a witness refuses to answer questions on cross-examination, "the opportunity of thus probing and testing his statements [made on direct examination] has failed, and his direct testimony should be struck out." 5 Wigmore Evidence § 1391 (Chadbourn rev. 1974) . . . . This is because the right to confront an adverse witness, found in the Sixth Amendment of the Constitution of the United States, includes the right to cross-examine that witness. And as long as the subject matter of the cross-examination is germane to the direct examination or relates to the witness' credibility, cross-examination may extend to areas of self-incrimination. Of course, the witness may properly decline to answer such questions, instead invoking his right not to incriminate himself. In such circumstance, the accused's usual remedy for this denial of his right to confront an adverse witness is to have the witness' direct testimony stricken from the record.

*United States v. Rivas, supra,* at page 285, (footnotes omitted).

In *Rivas,* as well as the case at hand, the defense counsel chose not to ask the military judge for the "usual remedy" of expunging the witness' direct testimony from the record. There the Court found it necessary to address the question of whether the military judge should strike the direct testimony *sua sponte.* Recognizing the general

duty section during the negotiations; (2) transfer was made during the duty day while they were on their lunch hour; (3) the transferee was to immediately return to his duty section on base after the transfer. We find that on these facts there was a flouting of military authority and a threat to military personnel and property, and that the military interest in exercising jurisdiction was all pervasive. *United States v. McCarthy,* 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976).

2. Later in the trial a Sergeant Boyle, who accompanied the accused to buy the heroin which he subsequently transferred to Airman Weate, chose to exercise his privilege against self-incrimination on cross-examination when asked if he was using drugs the night he accompanied the accused. The military judge announced *sua sponte* that he would not consider Sergeant Boyle's direct testimony.

3. Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831; U.S.Const. Amend. V.

proposition that the trial judge bears the primary responsibility for insuring that only admissible evidence is presented at trial, see *United States v. Morales*, 23 U.S.C.M.A. 508, 50 C.M.R. 647, 1 M.J. 87 (1975); *United States v. Heflin*, 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975), the Court drew the important distinction that where, as in the case at hand, there is nothing inadmissible about the witness' direct testimony, the military judge has no *sua sponte* duty, in the interests of preserving the basic fairness of the proceeding, to strike the otherwise admissible testimony absent a motion to strike by the defense.

The Court then turned its attention to the inaction of the defense counsel in the face of the witness' refusal to answer his questions. Being unable to discern any possible tactical advantage the accused may have gained from the unchallenged direct testimony, Judge Perry, speaking for the Court, was compelled to conclude that the defense counsel's failure to request relief was occasioned either by ignorance of the remedy or neglect. After noting that the federal judicial circuits are divided on the standard attorneys must meet to avoid a charge of ineffective assistance, he enunciated the test to be applied in the military criminal justice system:

> We will not second-guess the strategic or tactical decisions made at trial by defense counsel, but where inaction occurs at a critical point where action is compelled by the situation—where, in other words, defense counsel remains silent where there is no realistic strategic or tactical decision to *make* but to speak up—then the accused has been denied " 'the exercise of the customary skill and knowledge which normally prevails . . .' 'within the range of competence demanded of attorneys in criminal cases.' " *United States v. Walker*, 21 U.S.C.M.A. 376, 378, 45 C.M.R. 150, 152 (1972).

*United States v. Rivas*, supra, 3 M.J. at page 289.

Finding that the defense counsel had failed that test at a critical point in the proceeding, the Court reversed the accused's conviction.

Like the Court in *Rivas*, we are unable to discern any possible advantage which may have inured to the defense by their failure to challenge Airman Weate's direct testimony. However, this case is factually distinguishable from *Rivas*, and consequently compels the opposite result.

In *Rivas* the subject matter of inquiry which evoked the witness' claim of privilege involved questions concerning the specific charged offense, as opposed to general credibility matters. Appellate defense counsel submit that since the accused testified he transferred tetrahydrocannabinol (THC) rather than heroin to the witness who made a switch, the question would show there was a possibility that the witness possessed heroin on the day of the offense charged. The question as asked here is too vague as to time to produce that result. It had no direct bearing on the specific offense charged but was directed only to general credibility. From the questions which ensued from both the military judge and the trial counsel, there is no indication that Airman Weate had in any way frustrated the defense counsel from questioning him as to the specific offense charged.

The question of whether the refusal to answer general credibility matters on cross-examination require a witness' direct testimony to be stricken was faced squarely by the Sixth Circuit Court of Appeals in *United States v. LaRiche, supra*. The Court stated:

> When a prosecution witness refuses to submit to cross-examination, it may be necessary for the trial court to strike all or part of [the] testimony. [Citation omitted] A defendant's rights do not bar the admission of the witness' testimony against him where the questions concern subject matter which is either collateral or cumulative and where the cross-examination is directed at the witness' general credibility rather than toward matters relating to the specific events of the crime charged. See *United States v. Garrett*, 542 F.2d 23, 26 (6th Cir. 1976).

The Court of Military Appeals was urged by the Government to adopt the reasoning in the case of *United States v. Colon-Atienza*, 22 U.S.C.M.A. 399, 47 C.M.R. 336 (1973). There, however, the Court found it unnecessary to determine its applicability, and decided the issue on other grounds. Unlike *Colon-Atienza*, the question here in issue had no reasonable relevance to the witness' direct testimony whereas there there were additional questions that were crucial to the merits of the case. Therefore, as we did in *United States v. White*, 4 M.J. 628 (A.F.C. M.R.1977), we have chosen to follow *LaRiche* and the decisions of several federal circuit courts of appeals which have held that where cross-examination is directed to the witness' general credibility rather than to the specific events of the offense charged, the defense is not entitled to have the direct testimony stricken from the record.[4]

Relating the cited federal decision to this case, Airman Weate's direct testimony was not expungable, and, even if the trial defense counsel had moved to strike it, he would not have been entitled to relief. The trial defense counsel was not compelled to act at this point in the trial, and, therefore, the accused was not denied " 'the exercise of the customary skill and knowledge which normally prevails . . .' 'within the range of competence demanded of attorneys in criminal cases.' "[5] Trial defense counsel met the established standards for attorneys in this instance the provided effective assistance to the accused; accordingly the assigned error is without merit.

■ One other matter merits our attention. In his action, the convening authority purported to apply the partial forfeitures adjudged to the accused's pay and *allowances*. This was error since allowances are not forfeited unless the approved sentence includes the forfeiture of all pay and allowances. Manual for Courts-Martial, 1969 (Revised Edition), paragraph 126*h* (2). Accordingly, so much of the convening authority's action as purports to make the forfeitures applicable to allowances is set aside. *United States v. Culver*, 44 C.M.R. 564 (A.F. C.M.R.1971); *United States v. Carter*, 49 C.M.R. 636 (A.F.C.M.R.1974).

The findings of guilty are affirmed. Only so much of the approved sentence as provides for a bad conduct discharge, forfeiture of $249.00 per month for 12 months, applicable to pay becoming due on and after 22 August 1977, the date of the convening authority's action, and confinement at hard labor for one year is approved.

EARLY, Chief Judge, and ORSER, Judge, concur.

---

4. *United States v. DiGiovanni*, 544 F.2d 642 (2d Cir. 1976); *United States v. Gould*, 536 F.2d 216 (8th Cir. 1976); *United States v. Norman*, 402 F.2d 73 (9th Cir. 1968), cert. denied, 397 U.S. 938, 90 S.Ct. 949, 25 L.Ed.2d 119 (1970); *United States v. Cardillo*, 316 F.2d 606 (2d Cir. 1963), cert. denied, 375 U.S. 822, 84 S.Ct. 60, 11 L.Ed.2d 55 (1963); also in accord, *United States v. McFarland*, 371 F.2d 701 (2nd Cir. 1966), cert. denied, 387 U.S. 906, 87 S.Ct. 1689, 18 L.Ed.2d 624 (1967); *Hett v. United States*, 353 F.2d 761 (9th Cir. 1966), cert. denied, 384 U.S. 905, 86 S.Ct. 1339, 16 L.Ed.2d 358 (1966).

5. *United States v. Rivas*, supra, 3 M.J. at page 289.