UNITED STATES, Appellee

v.

LUCIUS B. POPE, Airman, U. S. Navy, Appellant

5 USCMA 29, 17 CMR 29

No. 5158

Decided October 8, 1954

LCDR Benjamin H. Berry, USN, and CAPT Rufino R. Saez, USMCR, for Appellant.

CAPT Carl G. Lutz, USMCR, for Appellee.

## Opinion of the Court

PER CURIAM:

The accused was tried by special court-martial and convicted of absence without leave in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680. Evidence of two previous convictions was received and he was sentenced to a bad-conduct discharge, confinement at hard labor for three months, and forfeiture of $60.00 per month for three months. The board of review in the office of The Judge Advocate General of the Navy affirmed the conviction and sentence and we granted accused's petition to determine the sufficiency of the proof of two previous convictions.

Evidence of the first previous conviction is shown in prosecution exhibits 1 and 2, and since finality of that conviction is shown, no issue is raised as to its sufficiency. Prosecution exhibit 3 relates to a prior conviction by a special court-martial on August 1, 1952, under which the accused was sentenced to confinement at hard labor for thirty days and forfeitures of $35.00 per month for six months. From a comparison of exhibits 1 and 2 with exhibit 3 it appears that one sheet which discloses the action of higher reviewing authorities is missing from the latter exhibit. On the face of exhibit 3 there is a blank space provided which, if filled out, would indicate that review in the sense of Article 44b of the Code, 50 USC § 619 has been completed. However that remains blank.

The board of review, with one member dissenting, held that the questioned exhibit was sufficient to make a prima facie showing of finality under the tests prescribed by us in United States v. Tiedemann, 1 USCMA 595, 5 CMR 23. We do not agree. The exhibit under consideration in that case disclosed that an order promulgating the result of trial had been published. That showing is absent in the present instance. The sentence imposed under the previous conviction by the court-martial as reflected by exhibit 3 did not include a punitive discharge, but Article 65c of the Uniform Code, 50 USC § 652, requires that this type of case be reviewed by a law specialist of the Navy and that thereafter the record be transmitted and disposed of as the Secretary of the Department may prescribe by regulations. We discussed this provision and the regulations issued thereunder in United States v. Engle, 3 USCMA 41, 11 CMR 41, and we believe that that case is controlling in this instance. If accepted at face value, exhibit 3 must be interpreted as establishing that review has not been completed; and there is no supplementing evidence to require a different interpretation. The distinguishing feature between this and the Tiedemann case, supra, is that in the latter an order was published and that step could not have been taken legally unless review had been completed. Faced with an order and without any evidence to the contrary, we presumed legality on the part of military officials. No similar showing was made in the Engle case nor in the case at bar. Moreover, the Manual for Courts-Martial, United States, 1951, provides that a previous conviction may be proved by the order publishing the result of trial. The Government, therefore, failed to carry its burden of proving properly the previous conviction and the document constitutes an insufficient basis for the imposition of additional punishment under paragraph 127c of the Manual.

The decision of the board of review is reversed and the record is remanded to The Judge Advocate General of the Navy for action consistent herewith.