UNITED STATES, Appellee,

v.

Mark G. HEFLIN, Private, U. S. Army, Appellant.

No. 29,144.

U. S. Court of Military Appeals.

Aug. 1, 1975.

*Captain Albert T. Berry* argued the cause for Appellant, Accused. With him on the brief were *Colonel Victor A. DeFiori, Lieutenant Colonel James Kucera,* and *Captain Winston E. King.*

*Captain Nancy Battaglia* argued the cause for Appellee, United States. With her on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, Captain Raymond Michael Ripple,* and *Captain Joel M. Martel.*

## OPINION OF THE COURT

FLETCHER, Chief Judge:

■ The propriety of the military judge's admission into evidence during the sentencing phase of appellant's trial of a DA Form 20B[1] reflecting two previous summary court-martial convictions forms the basis for this appeal. Both parties acknowledge that under pertinent Army regulations,[2] the

1. Department of the Army Form 20B (Insert Sheet to DA Form 20), Record of Court-Martial Conviction.

2. Paragraph 2–25, Army Regulation 27–10 (Dec. 17, 1971) directs the custodian of personnel records to reflect completion of supervisory review of a summary court-martial by placing his signature, the date of appellate or supervisory review, and certain other pertinent information in items 51 and 52 of DA Form 20B. *See also* paragraph 2–31, AR 27–10.

3. Paragraph 75*b*(2), Manual for Courts-Martial, United States, 1969 (Rev.), bars the admission into evidence of previous convictions "[u]nless the accused had been tried for an offense within the meaning of Article 44(b), [Uniform Code of Military Justice]." Article 44(b), 10 U.S.C. § 844(b) defines a trial as a court-martial in which a "finding of guilty has become *final* after review of the case has been fully completed." (Emphasis added.)

4. The inference that a conviction has become final through lapse of time does not arise where, as here, a finality entry on the official record is required. *Compare United States v.*

DA Form 20B lacked the required entry to establish finality with respect to both convictions.[3] Under our precedents, an entry on the DA Form 20B reflecting completion of supervisory review is a nonwaivable prerequisite to its admission into evidence as proof of a previous conviction. *United States v. Pope,* 5 U.S.C.M.A. 29, 17 C.M.R. 29 (1954); *United States v. Engle,* 3 U.S.C.M.A. 41, 11 C.M.R. 41 (1953).[4]

Appellate defense counsel maintain that the military judge erred by admitting over defense objection the DA Form 20B which affirmatively indicated that the summary court-martial convictions were not final.[5]

Urging reevaluation of *Pope* and *Engle,* government counsel primarily rely upon *United States v. Warren,* 49 C.M.R. 396 (A.C.M.R. 1974) (en banc), *petition denied,* 49 C.M.R. 889 (1975) for the proposition that proof of finality was waived by trial defense counsel's failure specifically to object to the admission of the DA Form 20B on finality grounds. *Cf. United States v. Pinkney,* 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974); *United States v. Griggs,* 13 U.S.C.M.A. 57, 32 C.M.R. 57 (1962); *United States v. Stringer,* 4 U.S.C.M.A. 494, 16 C.M.R. 68 (1954).[6]

*Wilson,* 7 U.S.C.M.A. 656, 23 C.M.R. 120 (1957) *and United States v. Larney,* 2 U.S.C.M.A. 563, 10 C.M.R. 61 (1953) *with United States v. Pope,* 5 U.S.C.M.A. 29, 17 C.M.R. 29 (1954) *and United States v. Engle,* 3 U.S.C.M.A. 41, 11 C.M.R. 41 (1953).

5. While trial defense counsel did object to the admission of the DA Form 20B, he did so on grounds other than finality asserting that the authentication certificate was irregular on its face.

6. While we respect and value the opinions of the Courts of Military Review and welcome the presentation of their views which differ as well as agree with our previous decisions, the integrity of the military justice system demands that where such views are directly contrary to a decision of this Court, those views should be confined to a dissenting opinion, or the Court of Military Review may note its disagreement with the state of the law in the majority opinion so long as the disposition of the case conforms to the result previously reached by this Court. *Compare United States v. Engle, supra,*

In pertinent part, the Court of Military Review in *United States v. Warren, supra* at 397, held:

In the adversary system, questions of admissibility are not abstract textbook propositions. "The initiative in excluding improper evidence is left entirely to the opponent,—so far at least as concerns his right to appeal on that ground to another tribunal." 1 Wigmore, Evidence (3rd Ed.) 321 (1940). This is the rule underlying *West*.[7] Granting that the Form 20B should not have been admitted without an entry evidencing supervisory review appearing thereon, we ignore the error as if it had not occurred because generally failure to object "does away with any necessity for appellate courts to take cognizance of an error." *United States v. Brassell and Pinkney*, 47 C.M.R. 305, 307 (A.C.M.R. 1973), *affirmed sub nom. United States v. Pinkney*, 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974). There are exceptions to the rule which may be applied in egregious cases, *see United States v. Stringer*, 4 U.S.C.M.A. 494, 16 C.M.R. 68 (1954). The exceptions are applied in the discretion of the appellate court. We perceive no basis for relieving from the failure to object in the instant case. If trial defense counsel was insufficiently concerned about admissibility of the Form 20B to research the matter, in other words if his failure to object was bottomed upon his heedlessness, given his primary interest in the case the relationship between the rule we are here applying and the harmless error rule is close and obvious. *See United States v. Buchholtz*, 47 C.M.R. 177 (A.C.M.R. 1973), *petition denied* 48 C.M.R. 999 (1973). If a matter does not strike a competent

trial defense counsel as important, rarely will it engage appellate judges. On the other hand, if trial defense counsel was aware of inadmissibility of evidence offered by the prosecution and deliberately elected not to object, an even stronger reason arises why appellate courts should decline to entertain the issue.

 We view the waiver question somewhat differently. The approach adopted in *Warren* unduly tends to relieve the trial bench of its primary judicial responsibility to assure that a court-martial is conducted in accordance with sound legal principles. *United States v. Graves*, 23 U.S. C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975). We believe the Court of Military Review has misinterpreted the affirmative waiver concept to which we alluded in *Pinkney*. An affirmative waiver issue arises where a matter intentionally is left in dispute at the trial level in order to gain a tactical advantage either at trial or subsequently on appeal. *Cf. United States v. Mundy*, 2 U.S.C.M.A. 500, 504, 9 C.M.R. 130, 134 (1953).[8] Thus, in order to conclude that the defense counsel's nonfeasance on the finality question enabled him to gain such a tactical advantage, a necessary prerequisite would be some evidence that his failure to object left the finality of the previous convictions unresolved at the trial level.[9] Such was not the case here. The absence of a finality notation on the DA Form 20B affirmatively established that supervisory review had not been accomplished because, as an official record, the DA Form 20B must be "presumed to set forth truly and accurately all information required by regulations on the particular subject."[10] It logi-

and *United States v. Warren*, 49 C.M.R. 396 (A.C.M.R. 1974) (en banc), *with United States v. Yarborough*, 1 U.S.C.M.A. 678, 5 C.M.R. 106 (1952) *and United States v. Dickson*, 49 C.M.R. 614 (A.C.M.R. 1974).

7. *United States v. West*, 49 C.M.R. 71 (A.C. M.R. 1974).

8. We cite *United States v. Mundy*, 2 U.S.C. M.A. 500, 9 C.M.R. 130 (1953) for its affirmative waiver concept rather than its holding that waiver was appropriate under the facts enunci-

ated therein. *See United States v. Graves*, 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975).

9. In this case, we denied an appellate attempt by the Government to impeach the contents of the DA Form 20B offered by the prosecution at trial. *See United States v. McKnight*, 4 U.S.C. M.A. 190, 194, 15 C.M.R. 190, 194 (1954).

10. *United States v. Engle, supra* at 46, 11 C.M.R. at 46.

**134**

cally follows that since the prosecution's own exhibit demonstrated the absence of the required supervisory review with respect to both convictions, there was no finality issue for the defense counsel affirmatively to waive. As in *United States v. Graves, supra*, the passive waiver doctrine was not triggered since the record is sufficiently complete to resolve the question raised on appeal.

Because the DA Form 20B offered by the prosecution established that neither summary court-martial was final, the military judge erred by considering the two previous convictions in sentencing the accused. Article 44, UCMJ, *supra*; paragraph 75*b* (2), MCM.[11] Comparing the severity of the adjudged sentence with the nature of the offenses of which appellant presently stands convicted, we are convinced that the inadmissible previous convictions prejudicially influenced the military judge in his determination of an appropriate sentence. Article 59(a), UCMJ.

The decision of the United States Army Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army. The Court of Military Review may reassess and approve a sentence not including a bad-conduct discharge or it may return the case to the trial forum for a rehearing as to sentence.

Judge COOK and Senior Judge FERGUSON concur.

---

**11.** The military judge's overruling of the defense objection to the DA Form 20B and his admission of the exhibit into evidence affirmatively rebutted the presumption that he knew and applied the law properly. *United States v. Montgomery*, 20 U.S.C.M.A. 35, 39, 42 C.M.R. 227, 231 (1970).