UNITED STATES

v.

**Private First Class Harold HINES, 051–38–6385, U.S. Army, Company A, 5th Engineer Battalion (Combat) (Army), Fort Leonard Wood, Missouri 65473.**

**CM 432630.**

U. S. Army Court of Military Review.

15 Sept. 1975.

---

624

Appellate counsel for the Accused: CPT Stephen D. Halfhill, JAGC; CPT Gordon R. Denison, JAGC; LTC Edward S. Adamkewicz, Jr., JAGC; COL Victor A. De Fiori, JAGC.

Appellate counsel for the United States: CPT Nancy Battaglia, JAGC; CPT William C. Kirk, JAGC; LTC Donald W. Hansen, JAGC; LTC Ronald M. Holdaway, JAGC.

## OPINION OF THE COURT

FELDER, Judge:

Tried by general court-martial convened by the Commanding General, U. S. Army Training Center Engineer and Fort Leonard Wood, Fort Leonard Wood, Missouri, the accused was convicted of selling heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, and sentenced to a dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for thirty months, and reduction to the grade of Private E–1. The convening authority approved the findings of guilty and the sentence.

During the trial, one of the witnesses against the accused was Private Timothy D. Jennings, who purchased heroin from the accused. Private Jennings testified that while he (Jennings) was pending trial by special court-martial for possession of marijuana, his company commander suggested he contact Special Agent William G. Conway of the US Army Criminal Investigation Command, who could probably help him; that Agent Conway agreed to testify favorably for Private Jennings and help him get a reduced sentence in exchange for his cooperation in making controlled purchases of drugs on post. Private Jennings further testified that because he was an informant he probably would not have to serve confinement. The record is silent, however, as to any person with whom he had an arrangement other than Agent Conway.

After Private Jennings made several purchases, including one from the accused, his defense counsel attempted to convince the special court-martial convening authority to dismiss the charges against him. He refused to do so and, according to Private Jennings, threatened to give him the maximum punishment if he did not continue working as an informant. Subsequently, Private Jennings was tried and convicted. Although his sentence is not reflected in the case *sub judice*, he did not serve any time in confinement.

Thus, we are confronted with the issue of whether the staff judge advocate is qualified to review, and the convening authority to act upon a court-martial in which a witness testified he was assured of clemency in return for his cooperation with a criminal investigator and was threatened with the maximum punishment, if he refused to do so.

■ A convening authority may not involve himself in granting clemency to a government witness and thereafter review or act upon the case. *United States v. Sierra-Albino*, 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974); *United States v. Williams*, 21 U.S.C.M.A. 292, 45 C.M.R. 66 (1972); *United States v. Maxfield*, 20 U.S.C.M.A. 496, 43 C.M.R. 336 (1971); *United States v. White*,

10 U.S.C.M.A. 63, 27 C.M.R. 137 (1958). The reason for the disqualification is that such action by a convening authority renders his impartiality suspect with reference to weighing the testimony of the witness to whom he granted clemency. *United States v. White, supra.* This principle was extended to cases in which the convening authority knew that his subordinate commander had taken such action, believing the relationship between the two commanders was such as likewise to preclude the sort of impartial review that the Code requires. *United States v. Dickerson*, 22 U.S.C.M.A. 489, 47 C.M.R. 790 (1973). Similarly, a staff judge advocate is disqualified from preparing a review, when he was involved in recommending to the convening authority clemency for a witness who testified against an accused. *United States v. Diaz*, 22 U.S.C.M.A. 52, 46 C.M.R. 52 (1972).

■ In all of the cases cited above, it may be assumed that the convening authority and staff judge advocate were disqualified because they were directly or indirectly involved in the granting of clemency to a government witness. There is absolutely no evidence in this case to connect either of them with a pretrial arrangement with Private Jennings. The assertion on appeal that Private Jennings was guaranteed a lenient sentence by either the convening authority or one of his subordinates is speculative and not supported by the evidence. The fact that the special court-martial convening authority threatened Private Jennings with the maximum punishment if he did not cooperate with the criminal investigator, negates the notion that he was inclined to extend clemency to him. Because we do not know the sentence adjudged in Private Jennings' case, we cannot conclude that confinement was either disapproved or suspended.

■ Another distinguishing feature in this case is that the agreement with Private Jennings was limited to his making controlled purchases of drugs. It did not compel him to testify at criminal proceedings. A staff judge advocate and convening authority are disqualified from participation

in the initial review of a court-martial when they or their subordinates have placed their imprimatur on the credibility of an essential witness. *United States v. Sierra-Albino, supra,* at 536. In this case the staff judge advocate advised the convening authority in the post-trial review that "Private Jennings had strong motives for lying." This clearly indicates that little weight and value was ascribed to the reliability of his testimony.* We conclude that neither the convening authority nor the staff judge advocate nor their subordinates entered into a pretrial arrangement for clemency with one of the government's witnesses in exchange for his testimony against the accused. *See United States v. Nealy,* 46 C.M.R. 989 (AFCMR 1973), *pet. denied,* 22 U.S.C.M.A. 622, 46 C.M.R. 1324 (1973); and *United States v. Robinson,* 49 C.M.R. 183 (ACMR 1974).

During the presentencing phase of the trial, the prosecution offered into evidence a special court-martial promulgating order and a DA Form 20B indicating a single previous conviction of the accused. The documents were admitted into evidence by the military judge without objection by the trial defense counsel. On appeal the accused asserts that the documents were inadmissible because they did not reflect that supervisory review had been completed.

■ The order promulgating the result of trial is competent evidence to prove previous convictions. Paragraph 75*b* (2), Manual for Courts-Martial, United States, 1969 (Revised edition).

■ There is no requirement that all copies of the promulgating orders indicate completion of appellate review by a judge advocate. *United States v. Perkins,* 48 C.M.R. 975, n. 2 (ACMR 1974). Whenever a copy of an order, which does not reflect final review is introduced into evidence and sufficient time has elapsed to accomplish the review, a prima facie showing of the finality of a former conviction has been established. The showing may be overcome

by other evidence in the record or it may be rebutted by the accused. *United States v. Wilson,* 7 U.S.C.M.A. 656, 23 C.M.R. 120 (1957); *United States v. Larney,* 2 U.S.C. M.A. 563, 10 C.M.R. 61 (1953); *United States v. Perkins, supra; United States v. Colbert,* 42 C.M.R. 363 (ACMR 1970), *pet. denied,* 19 U.S.C.M.A. 613, 42 C.M.R. 355 (1970).

■ In the instant case, over eight months passed since the unassailed order was promulgated; therefore, the order was prima facie evidence of a previous conviction.

■ Conversely, the DA Form 20B was not competent evidence of a final conviction because it lacked the regulatory required entry to establish finality of review. *United States v. Heflin,* 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975); *United States v. Morales,* 23 U.S.C.M.A. 508, 50 C.M.R. 647, 1 M.J. 87 (1975). The inference that a conviction has become final through lapse of time does not arise where a finality entry on the DA Form 20B is required. To the contrary, the absence of a finality notation on the DA Form 20B affirmatively establishes that supervisory review has not been accomplished. *United States v. Heflin, supra; United States v. Engle,* 3 U.S.C. M.A. 41, 11 C.M.R. 41 at 46–47 (1953).

■ We hold that the prima facie showing of finality of a former conviction, which attaches to an order promulgating the results of trial with the passage of time, is rebutted by the affirmative showing established by the absence of a finality notation on the DA Form 20B that appellate review has not been completed. This result is compelling even though both documents were introduced into evidence by the prosecution. Therefore, the military judge erred by considering the previous conviction in sentencing the accused. We are convinced that the inadmissible prior conviction prejudicially influenced him in his determination of an

---

* The purchase was made in the presence of a clerk assigned to the criminal investigation office, who also testified against the accused. The accused was also charged and acquitted in

this case of selling heroin to Private Jennings on an earlier date. Private Jennings was the only witness that testified about the alleged offense.

appropriate sentence. Article 59(a), Uniform Code of Military Justice (10 U.S.C. § 859).

The findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms only so much of the sentence as provides for a dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for eighteen months and reduction to the grade of Private (E–1).

Senior Judge JONES and Judge O'DONNELL concur.