UNITED STATES, Appellee,

v.

Joe JOHNSON, Jr., Private, U.S. Army, Appellant.

No. 29,198.

U. S. Court of Military Appeals.

Feb. 20, 1976.

---

*Captain Albert T. Berry* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel James Kucera, Captain David A. Shaw,* and *Captain John M. Nolan.*

*Captain Jonathan D. Glidden* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Major Steven M. Werner,* and *Captain John R. Erck.*

## OPINION OF THE COURT

COOK, Judge:

Earlier, we reviewed the accused's record of trial, on a question certified by the Acting Judge Advocate General of the Army,[1] and affirmed the action taken by the Court of Military Review to correct the findings of guilty as to one of the two offenses of which the accused was convicted by a special court-martial. *United States v. Johnson,* 23 U.S.C.M.A. 416, 50 C.M.R. 320, 1 M.J. 36 (1975), *aff'g* 49 C.M.R. 467 (A.C. M.R. 1974). Thereafter, the accused petitioned for further consideration of the record in light of our later decision in *United States v. Heflin,* 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975).

*Heflin* dealt with the admissibility of a Department of the Army form, DA Form 20B, to establish a previous conviction, where the form did not contain entries as to completion of supervisory review, which were required by a regulation in effect at the time of the review. Army Regulation 27–10, paragraph 2–25.

At least, by implication, appellate Government counsel concede that, under the current regulation, change 8, which was before us in *Heflin,* the exhibit would not be admissible for the purpose intended because it does not contain the requisite entries as to completion of review. However, counsel maintain that the provision in force at the time of the previous conviction, change 6, April 3, 1970, did not require entries as to the result of the review "unless the effect . . . was to remit, suspend, set aside or otherwise alter the approved findings or sentence." The following comparison of the pertinent text of the provisions, in which we have set out the material parts separately, convinces us that their substance is the same.

### Change 6 (April 3, 1970)

2–25. Disposition of records of trial and related orders. Upon completion of review and any corrective action on records of trial by summary court-martial and records of trial by special court-martial which do not involve approved bad-conduct discharges, the record of trial and two copies of the initial promulgating order and any corrective orders in the case will be filed in the office of the staff judge advocate of the command of the supervisory authority.

. . .

On receipt of any court-martial order or other communications made by the supervisory reviewing authority after the initial order in the case, which affirms the approved court-martial findings and sentence, the custodian of the personnel records will enter the order number, source, and date in item 53, DA Form 20B (Insert Sheet to DA Form 20 Record of Court-Martial Conviction), and complete the signature block of item 54, DA Form 20B. . . .

In addition, on receipt of any court-martial order or other communications made by the supervisory reviewing authority or The Judge Advocate General after the initial orders in the case, which changes (i. e., remit, suspend, set aside, or otherwise alter) any part of the approved court-martial findings or sentence, the custodian of the personnel records will make pen-and-ink changes in the current entry in DA Form 20B to make it conform to the change in the findings and sentence of the court.

The custodian will then enter the order number, source, and date in item 53(b), DA

1. *See* Article 67(b)(2), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(2).

Form 20B, and complete the signature block of item 54(b), DA Form 20B.

If all the findings and sentence are set aside during appellate review or as a result of an application for relief under Article 69, all entries pertaining to that trial will be deleted. . . .

One copy of an order in which any supplementary action was taken will be transmitted to the accused.

### Change 8 (Sept. 7, 1971)

2–25. Disposition of records of trial and related orders. Upon completion of review and any corrective action on records of trial by summary court-martial and records of trial by special court-martial which do not involve approved bad-conduct discharges, the record of trial and two copies of the initial promulgating order and any corrective orders in the case will be filed in the office of the staff judge advocate of the command of the supervisory authority. . . .

On receipt of any communications made by the supervisory reviewing authority or any court-martial order after the initial order in a case, which affirms the approved court-martial findings and sentence, the custodian of the personnel records will enter the date of appellate or supervisory review in item 51, DA Form 20B (Insert Sheet to DA Form 20—Record of Court-Martial Conviction). If the result of supervisory or appellate review is contained in a court-martial order, the order number together with the designation of the issuing command will be placed immediately after the date. The custodian of personnel records will place his signature block in item 52 DA Form 20B. . . .

In addition, on receipt of any communication made by the supervisory reviewing authority or The Judge Advocate General or court-martial order after the initial orders in the case, which changes (i. e., remits, suspends, sets aside, or otherwise alters) any part of the approved court-martial findings or sentence, the custodian of the personnel records will make pen and ink changes in the current entry in DA Form 20B to make it conform to the change in the findings and sentence of the court.

The custodian will then enter the order number, designation of the issuing command, and date in item 53, DA Form 20B, and complete the signature block of item 54, DA Form 20B.

If all the findings and sentence are set aside during appellate review or as a result of an application for relief under Article 69, all entries pertaining to that trial will be deleted. . . .

One copy of an order in which any supplementary action was taken will be transmitted to the accused.

Both changes prescribe the recording procedure for two situations. The first procedure is for a review that "affirms the approved court-martial findings and sentence"; the second describes the entries required when the review effects changes in the promulgating order. Except for two differences in language and arrangement, so far as they prescribe entries for a review that modifies the initial order, the changes are identical. The exceptions are, first, change 8 reverses the sequence of the listing of the type of information that might be received by the convening authority as to the results of the review. It lists first "any communications" and alternatively a "court-martial order," whereas, change 6 specifies a court-martial first and, alternatively, "other communication." The second difference is that, where change 6 directs entry of the "source" of the communication, change 8 provides for an entry as to "description of the issuing command."

In the decretal part of each provision there is a different description of the items of information regarding the supervisory review that are required to be entered in Form 20B, but the nature of each item is the same. Thus, change 6 provides for entry of the "order number, source and date." Change 8 also requires entry of the date of the supervisory review. As to what change 6 left somewhat to inference in regard to "order number" and "source," change 8 made explicit. Where change 6 referred

merely to the "source" of the information, change 8 more directly identified the source as the supervisory reviewing authority. In the same vein, change 6 implies that an order number will be entered in the Form 20B only if the information received from the reviewing authority was in the form of a court-martial order, as distinguished from another "communication"; change 8 expressly indicates that the court-martial order number is to be entered when the result of the review is "contained in a court-martial order." The remaining point of difference between change 6 and change 8 is as to the numbered block in Form 20B in which the fact of affirmance is to be recorded. Change 6 provides for recording the fact in item 53, whereas change 8 prescribes item 51 as the block for the entry.

■ As the substance of change 6, which was in force during the times material to the record of previous conviction, is the same as that of change 8, *Heflin's* determination in regard to the effect of the omission of entries as to supervisory review is controlling. Since the exhibit is deficient in the same particulars as in *Heflin*, it should have been excluded from evidence at the trial.

■ Left for consideration is whether the inadmissible evidence of previous conviction was prejudicial to the accused. The nature of the offenses could reasonably have influenced the trial judge to impose a more severe sentence than he might otherwise have adjudged. Consequently, reassessment of the sentence is required. *United States v. Heflin, supra.*

The decision of the U.S. Army Court of Military Review as to the sentence is reversed. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for sentence reassessment.

Chief Judge FLETCHER and Senior Judge FERGUSON concur.