UNITED STATES

v.

Private E–2 Richard L. SNEED, 532–54–3798, U. S. Army, Headquarters and Headquarters Company, 1st Battalion, 46th Infantry, 1st Armored Division, APO New York 09066.

SPCM 11173.

U. S. Army Court of Military Review.

Sentence Adjudged 6 Feb. 1975.

Decided 23 March 1976.

Appellate Counsel for the Accused: CPT Richard E. Schmidt, JAGC; CPT Michael R. Caryl, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Russell S. Estey, JAGC; CPT John R. Erck, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

OPINION OF THE COURT

FELDER, Judge:

The appellant was convicted by a special court-martial with members of possessing 1058.29 grams of marihuana in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. The sentence approved by the convening authority requires this Court to review the case pursuant to Article 66, UCMJ.

The appellant contends that he was substantially prejudiced because the court members were allowed to examine, prior to findings, a defense exhibit which indicated that he offered to plead guilty.

At an Article 39(a) session, the trial counsel requested a continuance because several witnesses for the Government were unavailable. The defense counsel objected to the continuance on the basis that his request for delay, pending action on the appellant's offer to plead guilty, was denied. He argued that the denial indicated a direction by the convening authority to proceed with the trial. In support of this position he offered to the court a document bearing his signature which read:

> Request delay in the case of *United States v. Sneed* pending approval or disapproval of offer to plead guilty.

The document was marked Defense Exhibit A and admitted into evidence by the judge. Prior to the court members retiring for deliberation on the findings, the judge di-

rected that all items in evidence should be given to them. No mention was made of withholding Defense Exhibit A from the court members.

■ The prejudice flowing from knowledge of an offer to plead guilty upon finders of fact is inescapable. Since *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), the United States Supreme Court has ruled that a withdrawn guilty plea is inadmissible as evidence of guilt. *Santobello v. New York*, 404 U.S. 257, 264, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). This doctrine has been extended by the United States Court of Military Appeals to prohibit the cross examination of an accused as to admissions made at an earlier trial during inquiry into the providence of his plea (*United States v. Barben*, 14 U.S.C.M.A. 198, 33 C.M.R. 410 (1963)); and to condemn the introduction of an incriminating statement made by an accused in mitigation and extenuation at an original trial to establish his guilt at a contested rehearing. *United States v. Stivers*, 12 U.S.C.M.A. 315, 30 C.M.R. 315 (1961), *United States v. Daniels*, 11 U.S.C.M.A. 52, 28 C.M.R. 276 (1959). While judges are presumed to possess a level of training that insulates them from the taint of knowledge that an accused has offered to plead guilty, court members have difficulty remaining impartial in light of such knowledge. *United States v. Hodges*, 22 U.S.C.M.A. 506, 47 C.M.R. 923 (1973).

We conclude that the appellant did not receive a fair trial because his offer to plead guilty was made available to the court members. The prejudicial effect of this damaging information upon those charged with the duty to independently determine his guilt or innocence cannot be denied.

■ The Government argues that relief should not be granted because the offending document was a defense exhibit. It contends that the appellant should not be permitted to complain about evidence he introduced. While this argument may have validity under other circumstances, it is not persuasive here. The exhibit was introduced on an interlocutory matter outside the presence of the members. The trial judge must bear the primary responsibility for assuring that an accused receives a fair trial and that court members consider only those matters which are proper for a determination of guilt or innocence. *See United States v. Graves*, 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975). In short, the doctrine of affirmative waiver is inapplicable to these facts. *United States v. Heflin*, 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975).

■ Parenthetically, as a general rule, only documents relevant to findings and sentence are identified as prosecution and defense exhibits and received into evidence. However, documents offered by both sides on interlocutory matters should be marked as appellate exhibits and not received into evidence. They are appended to the record of trial for the benefit of the convening authority and appellate agencies. *See* Paragraph 54*d*, Manual for Courts-Martial, United States, 1969 (Revised edition). Had this practice been followed, the likelihood of the inadvertence that occurred in this case would have been reduced.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge JONES and Judge O'DONNELL concur.