**UNITED STATES**

v.

Specialist Four Bennie L. HILLMON, 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, U. S. Army, 520th Maintenance Company (Rear/Direct Support), APO San Francisco 96271.

**CM 433174.**

U. S. Army Court of Military Review.

Sentence Adjudged 6 Dec. 1974.

Decided 9 April 1976.

Appellate Counsel for the Accused: CPT Albert T. Berry, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC.

---

Appellate Counsel for the United States: CPT Russell S. Estey, JAGC; CPT Lee D. Schinasi, JAGC; MAJ Steven M. Werner, JAGC; LTC Donald W. Hansen, JAGC.

Before JONES, Senior Judge, and O'DONNELL and FELDER, JJ.

## OPINION OF THE COURT

PER CURIAM:

Contrary to his pleas of not guilty, the appellant was convicted of stealing government property (11 generators) and wrongfully disposing of the same property in violation of Articles 121 and 108, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 908. We are reviewing the case pursuant to Article 66, UCMJ.

The appellant contends that the convening authority was disqualified to act because he granted testimonial immunity to a witness. The Government points to the distinction between testimonial immunity and transactional immunity and maintains that a convening authority is disqualified only by granting the latter. The Government argues, with some merit, that the convening authority's determination to grant testimonial immunity involves no more of a disqualifying pretrial judgment as to credibility of the witness than does his pretrial determination under paragraph 115, Manual for Courts-Martial, United States, 1969 (Revised edition), regarding the attendance of a witness. Indeed, it can be argued that his decision to grant immunity or clemency is no more disqualifying than his decision to refer the case to trial in the first place. Both involve a pretrial judgment on credibility of witnesses. However, the disqualification of a convening authority to act in a case after granting immunity, going back as it does to *United States v. White*, 10 U.S.C.M.A. 63, 27 C.M.R. 137 (1958), is too well settled to be reexamined by this Court at this time.

We can perceive no reason for making a distinction between the type of immunity granted by the convening authority. Both involve the convening authority in subsequently weighing the testimony of a witness to whom he has granted immunity. His impartiality is as suspect in one as in the other. *See United States v. Sierra-Albino*, 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974). We think it is of no consequence, insofar as the disqualification goes, that the witness was called by the court rather than by the prosecution or that his testimony may have been contrary to what the convening authority expected it would be.

The action of the convening authority dated 6 March 1975 is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by a different staff judge advocate and convening authority.

Judge FELDER not participating.