UNITED STATES, Appellee,

v.

Private First Class Bobby E. McCUL-
LERS, SSN 245–82–4771, United
States Army, Appellant.

SPCM 13704.

U. S. Army Court of Military Review.

30 May 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Carlos A. Vallecillo, JAGC, and Captain David L. Holmes, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Robert D. Newberry, JAGC, and Captain Stephen P. Henderson, JAGC, were on the pleadings for appellee.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Contrary to his pleas, the appellant was convicted of three specifications of absence without leave by a special court-martial composed of a military judge alone.[1] He was sentenced to a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $100.00 pay per month for two months, and reduction to Private E–1. The convening authority approved the findings and sentence.

The appellant assigns two errors, only one of which merits discussion.

Appellant asserts the military judge violated his Sixth Amendment right to confront witnesses against him by admitting into evidence as exceptions to the hearsay rule Prosecution Exhibits 1 through 16.[2] Appellant specifically argues that Prosecution Exhibits 4 and 6 were not prepared in accordance with paragraph 5–9f, AR 680–1 (C8, 21 February 1975). Government appellate counsel argue that Prosecution Exhib-

---

1. These offenses were in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866.

2. Prosecution Exhibits 1, 3, 5, 7, 9, 11, 13, and 15 are DA Forms 2496, authentication certificates, while Prosecution Exhibits 2, 4, 6, 8, 10,

12, 14, and 16, are DA Forms 4187, Personnel Actions, which were offered to establish inception, dropped from rolls, and return dates related to the charged absence without leave offenses.

its 1 through 16 were properly admitted into evidence pursuant to paragraph 144*b*, Manual for Courts-Martial, United States, 1969 (Revised edition), which sets forth the official records exception to the hearsay rule. Government counsel further argue that any discrepancy with regulatory requirements on the face of Prosecution Exhibits 4 and 6 is a mere administrative irregularity and does not deprive the exhibits of officiality.

The military judge must conduct a trial within sound legal principles, admitting only factually and legally relevant evidence. *United States v. Heflin,* 1 M.J. 131 (C.M.A.1975). The DA Forms 4187, upon which his unauthorized absence convictions are based, become admissible hearsay only when prepared in accordance with AR 680–1. *See United States v. Fowler,* 48 C.M.R. 94 (A.C.M.R.1973). But not every deviation from the prescriptive regulation will destroy this admissibility. Only those material to the execution of the documents have that effect. *United States v. Anderten,* 4 U.S.C.M.A. 354, 15 C.M.R. 354 (1954).[3]

DA Forms 4187 may be used to evidence a service member's request for personnel action or to evidence a change in duty status. Paragraph 5–9, AR 680–1, requires that the DA Form 4187 be prepared in accordance with Procedure 5–27, DA Pamphlet 600–8. That Procedure provides in part: "[The Unit Commander must] verify [the] information and place an 'x' in the box 'has been verified.'" It is hornbook law that an official record is a writing, properly prepared, *United States v. Parlier,* 1 U.S.C.M.A. 433, 4 C.M.R. 25 (1952), *United States v. Fowler, supra,* by an official with a duty to prepare the record, *United States v. Bennett,* 4 U.S.C.M.A. 309, 15 C.M.R. 309

(1954), and a duty to know or ascertain, through trustworthy channels, the truth of the facts recorded. Certainly verification of the truth of the fact recorded goes to the heart of the rule and cannot be called an immaterial deviation. Where, on its face, the form is incorrectly completed according to the regulation, the Government is not aided by any inference that the record was made by an authorized person and that person performed his duty properly. *See* paragraph 144*b*, MCM, 1969 (Rev.). To the contrary, the only inference to be drawn from such noncompliance is either that he was ignorant of the requirements of the regulation or that he chose to violate them. Either, because they touch upon verification of the truth of the fact reported, is fatal.[4] Accordingly, we hold the failure to properly note verification of the entry made in Section II of the form to be a material and substantial deviation from regulatory requirements and to have removed Prosecution Exhibits 4 and 6 from the official records exception to the rule against hearsay. There being no other basis of record for their admissibility, Prosecution Exhibits 4 and 6 were improperly admitted into evidence.

The allied papers reveal that Prosecution Exhibit 2 was missing from the record of trial prior to authentication. A brief, written description was substituted for the exhibit, the record of trial authenticated and action taken by the convening authority. Prosecution Exhibit 2, or an authorized copy thereof, is still missing from the record; however, we are satisfied of the accuracy of the description for purposes of our review.

Based upon the foregoing dispositions of Prosecution Exhibit 4 (which established

---

3. Prosecution Exhibits 10 and 16 are also not prepared in full accordance with the regulation in that they depict a status change "Dropped From Rolls to present for duty" when they should have read "DFR to attached." This is not "material to the execution of the documents" in the sense of *United States v. Anderten,* 4 U.S.C.M.A. 354, 15 C.M.R. 354 (1954), in that, whether the appellant was assigned or attached, he was still present for duty, which fact was properly verified and certified.

4. A third possible cause of the wrong block having been checked might be sheer inadvertence. We decline to indorse the kind of casual approach to the certification of official records that this would reflect. Public confidence in the accuracy of public records demands at least a modicum of care in certifying verification of the facts they record.

826

the termination date of the period of unauthorized absence charged in Specification 1) and Prosecution Exhibit 6 (which established the inception date of the period of unauthorized absence charged in Specification 2), we can only approve a portion of the findings of guilty of the specifications of Charge I. Prosecution Exhibit 2 established appellant's unauthorized absence at 0600 hours, 24 April 1976 (less than one day). Prosecution Exhibit 8 established that appellant was in an unauthorized status from at least the effective date contained therein (0800 hours, 25 May 1978) with Prosecution Exhibit 10 establishing the date of his return to military control (effective 1045 hours, 21 June 1978).

Accordingly, only so much of the approved finding of guilty of Specification 1 of Charge I as finds that the appellant did, at the place alleged, on or about 0600 hours, 24 April 1976, without authority, absent himself from his unit and remain so absent until 2400 hours, 24 April 1976. Only so much of the approved finding of guilty of Specification 2 of Charge I as finds that the appellant did, at the place alleged, on or about 25 May 1978, without authority, absent himself from his unit and remain so absent until on or about 21 June 1978 is affirmed. The remaining findings of guilty are affirmed.

Reassessing the sentence on the basis of the errors noted and the entire record, the Court affirms only so much of the approved sentence as provides for confinement at hard labor for two months, forfeiture of $100.00 pay per month for two months, and reduction to the grade of Private E–1.

JONES, Senior Judge, concurring in part and dissenting in part:

I agree with the majority that Prosecution Exhibits 4 and 6 did not conform precisely to the requirements of Army Regulation 680–1, but I disagree with their conclusion as to the consequences of these deficiencies.

The majority finds the check by the commanding officer in the "is approved" block of Section V, DA Form 4187, rather than a check in the "has been verified" block to be a substantial deviation from the regulation and therefore fatal to the officiality of exhibits 4 and 6. I disagree. An exception to the hearsay rule, such as the one for official records, is based upon the reliability of the information received in hearsay form. A deviation in the application of an exception that in no way affects the reliability of that information should not affect the status of the exception.

In the instant case, AR 680–1 and DA Pamphlet 600–8 in prescribing instructions for the completion of DA Form 4187 require the commander to verify the information in Sections I–IV before checking any of the blocks and signing Section V of the form. A check in the "is approved" block in Exhibits 4 and 6 is no less an indication that the preceding information has been verified than is a check in the "has been verified" block. Thus the error in checking the wrong block is insignificant insofar as the accuracy of the information regarding appellant's status is concerned. The exhibits should not, therefore, lose their officiality because of an insubstantial deviation.

In addition to the deviation discussed above, there were other deviations in the preparation of the Personnel Action forms. As examples, the entry in the Remarks section of Prosecution Exhibit 8 listed the wrong basis for the DFR entry; and, the entries in Prosecution Exhibits 10 and 16 which showed appellant's status changed from "Dropped From Rolls" to "present for duty" should have read "DFR to attached." See Note 4, paragraph 5–9c, AR 680–1. As these deviations from the regulation did not affect the accuracy of the information regarding the termination of appellant's absentee status, I find them insubstantial. Apparently the majority agrees because they affirm absences based upon Prosecution Exhibits 8, 10 and 16.

I am unable to perceive the distinction the majority makes between the deviations from the regulation in Exhibits 4 and 6 and the deviations in Exhibits 8, 10, and 16. I find them all to be of the same degree—insubstantial. I would affirm the findings and sentence.