**UNITED STATES, Appellee,**

v.

**Private First Class (E–3) Cecil L. BOSMAN, SSN 196–52–1984, United States Army, Appellant.**

**CM 439329.**

U. S. Army Court of Military Review.

12 June 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Grifton E. Carden, JAGC, and Captain Edwin S. Castle, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Douglas P. Franklin, JAGC, and Captain Paul G. Thomson, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted by general court-martial of one specification of assault and battery and one specification of assault with a means likely to produce death or grievous bodily harm, both offenses in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $300.00 per month for six months, and reduction to the lowest enlisted grade. The convening authority approved the sentence. The case is before this Court for mandatory review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976).

The case arose out of an affray in which appellant and several companions attacked a group of noncommissioned officers. The principal factual issue was identification of the appellant as one of the assailants. One of the prosecution witnesses, PFC Angelo Bosman (the appellant's twin brother), testified that he was charged with assault for his participation in the affray and his case was referred to a special court-martial, but that the charges were withdrawn by the special court-martial convening authority "in return for making a statement." The staff judge advocate's review informs the convening authority that the special court-martial convening authority withdrew the

charges in return for PFC Angelo Bosman's agreement to testify truthfully against his brother. Both the witness and the appellant were assigned to units within the 3d Brigade, 3d Infantry Division, and were, therefore, under the jurisdiction of the same subordinate special court-martial convening authority.

The appellant contends that the convening authority was disqualified from reviewing and taking action in his case because of the clemency extended to PFC Angelo Bosman by a subordinate commander.

■ A grant of clemency or immunity to a prosecution witness by a subordinate commander may disqualify the convening authority from reviewing or taking action in a case. *United States v. Espiet-Betancourt*, 1 M.J. 91 (C.M.A. 1975); *United States v. Chavez-Rey*, 1 M.J. 34 (C.M.A. 1975).

The convening authority may be disqualified even if the witness does not testify in the manner which the convening authority expected. *United States v. Hillmon*, 2 M.J. 830 (A.C.M.R.), *pet. denied*, 2 M.J. 188 (C.M.A. 1976) (after new review and action completed in accordance with A.C.M.R. decision).

■ The reason for the disqualification of a convening authority by a grant of clemency or immunity is that "such action by a convening authority renders his impartiality suspect with reference to weighing the testimony of the witness to whom he granted immunity or clemency." *United States v. Sierra-Albino*, 23 U.S.C.M.A. 63, 65, 48 C.M.R. 534, 536 (C.M.A. 1974). If the convening authority is not faced with resolving an issue of the credibility of a witness, the reason for the disqualification does not exist. Consequently, a grant of clemency or immunity to a witness by a subordinate commander does not disqualify the

convening authority if the case does not turn on the credibility of that witness. *United States v. Brumbaugh*, 6 M.J. 672 (A.C.M.R. 1978), *pet. denied*, 6 M.J. 290 (C.M.A. 1979). *See also United States v. Hernandez*, 3 M.J. 916 (A.C.M.R.), *pet. denied*, 4 M.J. 122 (C.M.A. 1977) (convening authority not disqualified by grant of immunity to three principal prosecution witnesses, because accused pleaded guilty); *but cf. United States v. Smith*, 1 M.J. 83 (C.M.A. 1975) (convening authority disqualified in guilty plea case where immunized witnesses testified for prosecution during presentencing proceedings).*

In this case six prosecution witnesses testified on the identification issue. Five of them, including the two victims, identified the appellant as one of the assailants. PFC Angelo Bosman, the sixth witness, had executed a sworn pretrial statement in which he stated that he saw the appellant strike one of the victims. However, at the trial PFC Angelo Bosman repudiated his earlier statement (which was the basis of the clemency action) and denied seeing the appellant strike either victim.

This case clearly did not turn on the credibility of PFC Angelo Bosman. His testimony provided virtually no information concerning the offenses. Accordingly, we hold that the general court-martial convening authority was not disqualified by the exercise of clemency by his subordinate commander.

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge CLAUSE concur.

---

* A similar issue arises when the convening authority testifies at the trial. In such a case, "disqualification depends on whether the convening authority is put in the position of weighing his testimony against or in light of other evidence which conflicts with or modifies his own." *United States v. Choice*, 23 U.S.C.M.A. 329, 49 C.M.R. 663 (1975), quoted with approval in *United States v. Ward*, 1 M.J. 18 (C.M.A. 1975). When a convening authority testifies on a legal matter about which there is no contested factual issue, he is not disqualified unless the record shows a predisposition on his part. *United States v. Conn*, 6 M.J. 351 (C.M.A. 1979).