UNITED STATES, Appellee,

v.

First Lieutenant Austin S. CHRISTO-
PHER, SSN 431–08–4174, United
States Army, Appellant.

CM 438988.

U. S. Army Court of Military Review.

21 July 1980.

Captain Robert D. Ganstine, JAGC, ar-
gued the cause for the appellant. With him
on the brief was Major Grifton E. Carden,
JAGC.

Captain Rexford T. Bragaw, III, JAGC,
argued the cause for the appellee. With
him on the brief were Lieutenant Colonel R.
R. Boller, JAGC, Major Ted B. Borek,
JAGC, and Captain Stephen D. Smith,
JAGC.

Before FULTON, CLAUSE and FORE-
MAN, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted by general court–martial of three specifications of possession of hashish and two specifications of sale of hashish.[1] He was sentenced to a dismissal, confinement at hard labor for one year, and total forfeitures.[2]

The appellant assigns two errors: (a) that both the convening authority and the staff judge advocate were disqualified from reviewing or taking action in the case because a subordinate commander had promised immunity to government witnesses; and (b) that the evidence is insufficient to establish the appellant's guilt beyond a reasonable doubt.

With regard to the first assigned error, evidence that several prosecution witnesses received immunity or clemency raises four issues which are discussed *seriatim* : (a) whether the promise of immunity to prosecution witnesses by his subordinate commander disqualified the convening authority from taking action in appellant's case; (b) whether the involvement of the trial counsel in the promises of immunity by the subordinate commander disqualified the staff judge advocate from reviewing the case; (c) whether the approval of the administrative discharge of a prosecution witness in return for his agreement to testify disqualified the convening authority from taking action; and (d) whether the post–trial clemency granted to a prosecution witness disqualified either the staff judge advocate or the convening authority from reviewing or acting on the appellant's case.

I

■ The appellant's brigade commander, a subordinate of the convening authority, summoned several of the prosecution wit-

nesses to his office a few days before the trial, apparently because of reported threats and violence to prospective prosecution witnesses. The brigade commander enjoined the witnesses to testify truthfully and assured them that no action would be taken against them, even if they incriminated themselves during their testimony. The trial counsel was present at the meeting. Prosecution witnesses in attendance included a Specialist O'Quinn, Private Brow, and Private Newman. All three testified at appellant's trial.

The brigade commander's statement apparently was construed as a grant of immunity by certain members of the staff judge advocate's office. For example, the trial counsel informed Specialist Duvendeck, a prosecution witness, that he had been given immunity. A defense lawyer told Private McEwan, also a prosecution witness, that he had been given immunity.[3]

■ A convening authority who involves himself in granting immunity or clemency to a witness is disqualified to review or act upon the case because such action renders his impartiality suspect with respect to weighing the testimony of the witness to whom he granted immunity or clemency. *United States v. White*, 10 U.S.C.M.A. 63, 27 C.M.R. 137 (1958). Furthermore, a convening authority may be disqualified if his subordinate commander promises clemency or immunity. The Court of Military Appeals has held that, once a convening authority learns that his subordinate commander has vouched for the credibility of a witness by extending clemency or immunity, it is "asking too much" of the convening authority to free himself wholly of the influence of his subordinate commander's judgment in his own review of the case. *United States v. Chavez–Rey*, 1 M.J. 34 (C.M.A.1975); *United States v. Espiet–Be-*

---

1. All offenses were charged as violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976).

2. The case is before this Court for mandatory review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976).

3. Specialist Duvendeck was a former member of the brigade who had completed his tour of duty in Europe and had been reassigned. He returned in a temporary duty status to testify. Private McEwan also was a former member of the brigade who had been transferred to another undisclosed unit for his own protection.

tancourt, 1 M.J. 91 (C.M.A.1975); *United States v. Sierra–Albino,* 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974); *United States v. Dickerson,* 22 U.S.C.M.A. 489, 47 C.M.R. 790 (1973).

However, in this case, the convening authority who reviewed the appellant's case was not in command when the brigade commander promised immunity to the prosecution witnesses. The appellant's case had been referred to a general court–martial by General Otis, then the commander of the 1st Armored Division, and General Otis was in command when the appellant's case was tried on 27 August 1979. However, General Faith assumed command of the 1st Armored Division on 6 September 1979, as General Otis' successor, and it was he who took the action on initial review.

■ Disqualification attaches to the person and not to the office, and therefore does not extend to a successor in command. *United States v. Gilliland,* 10 U.S.C.M.A. 343, 27 C.M.R. 417 (1959); *United States v. Kennedy,* 8 M.J. 577 (A.C.M.R.1979). Where the officer who was the convening authority at the time that a subordinate commander promised clemency or immunity is no longer in command, the relationship between the subordinate commander's actions and the successor commander's responsibilities are so attenuated as to preclude any reasonable expectation that the successor commander's judgment has been influenced by the subordinate commander's action. *United States v. Lochausen,* 8 M.J. 262 (C.M.A.1980). Accordingly, we hold that General Faith was not disqualified by promises of immunity which were made by his subordinate commander prior to his assumption of command.

## II

■ Although General Faith assumed command subsequent to the appellant's trial, it was the same staff judge advocate who had advised General Otis to refer the appellant's case to a general court–martial who prepared the post–trial review of appellant's case for General Faith's consideration and action. Consequently, an issue as to the disqualification of the staff judge advocate remains despite the change of convening authority.

If a staff judge advocate becomes involved in promises of immunity or clemency to a prosecution witness, he is disqualified from reviewing a case in which such a witness testifies, because his involvement in the prosecution of the case precludes him from rendering an unbiased review. *United States v. Albright,* 9 U.S.C.M.A. 628, 26 C.M.R. 408 (1958). Involvement of the trial counsel in promises of immunity or clemency may also disqualify the staff judge advocate, because of the "unitary" nature of the staff judge advocate's office. *United States v. Sierra–Albino,* 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974); *United States v. Diaz,* 22 U.S.C.M.A. 52, 46 C.M.R. 52 (1972).

In *Sierra–Albino,* the Court of Military Appeals said that any involvement by the trial counsel in negotiations for testimony or promises of immunity or clemency in return for testimony would be imputed to the staff judge advocate, absent evidence that the trial counsel acted without the approval of the staff judge advocate. In that case, however, the arrangements were in fact negotiated by the trial counsel and there was affirmative evidence that the "Fort Wood Legal Office" was involved.

In this case, there is no evidence that the trial counsel negotiated any arrangements. Rather, it appears that such promises of immunity as were made originated in the course of a meeting called by the brigade commander to overcome the possible effects of attempted intimidation of witnesses and were made by the brigade commander on his own initiative. The trial counsel merely was present at the meeting.[4] When the trial counsel told Specialist Duvendeck about the promise of immunity, he merely was informing him of the brigade com-

---

4. The trial counsel's attendance at the meeting is explained by the fact that he evidently was assigned to the Erlangen Branch Office as legal advisor to the brigade rather than to the main staff judge advocate office.

mander's promise. The staff judge advocate effectively denied any involvement in the brigade commander's promises by advising General Faith that no binding promises of immunity had been made by his predecessor in command. This remark in the post–trial review has met with no rebuttal. Under these circumstances, we hold that the staff judge advocate was not disqualified from reviewing this case by the brigade commander's promises of immunity, the trial counsel's presence at the meeting, or the trial counsel's statement to Specialist Duvendeck.

## III

■ Private Newman testified at the trial that he was awaiting an administrative discharge which had been approved about a month prior to the trial (apparently by General Otis), but that his discharge was being delayed until he testified. He initially denied that approval of his discharge was conditioned upon his agreement to testify against the appellant. However, he then stated that his testimony was "part of the agreement," but did not elaborate further. Assuming that General Otis would have been disqualified because of some agreement with Private Newman, the disqualification does not extend to General Faith, his successor in command. *United States v. Lochausen, supra.*

## IV

■ One of the prosecution witnesses, Private Brow, had pleaded guilty to a drug offense and was awaiting General Faith's action on his sentence. Prior to his review and action on appellant's case, General Faith took action in Brow's case, and gave him clemency by reducing the confinement below that required by a pretrial agreement, based upon the recommendation of the staff judge advocate.[5]

5. We judicially note the record of trial and allied documents in *United States v. Brow*, CM 438766, filed with this Court.

6. *See United States v. Hines*, 1 M.J. 623 (A.C. M.R.1975), which distinguished an agreement by a prosecution witness to cooperate with law enforcement agents from an agreement to testify.

Under some circumstances, this clemency action could have disqualified both the staff judge advocate and General Faith from reviewing and acting upon the appellant's case. *United States v. Diaz*, 22 U.S.C.M.A. 52, 46 C.M.R. 52 (1972); *United States v. Albright*, 9 U.S.C.M.A. 628, 26 C.M.R. 408 (1958). However, in this case it did not.

There is no evidence, in Brow's pretrial agreement or otherwise, that Brow testified against the appellant in return for clemency. The staff judge advocate's recommendation was not based upon Brow's having testified against the appellant but rather on his cooperation with the CID in several drug cases.[6]

Accordingly, since Brow's testimony was not the product of any negotiations by the staff judge advocate or the convening authority, we hold that neither the staff judge advocate nor the convening authority were disqualified by virtue of the clemency action in Brow's case.[7]

## V

■ The issue as to the sufficiency of the evidence is one of credibility. A German civilian and five soldiers testified against the appellant. They were all cross–examined and admitted that they were marihuana users. The appellant testified under oath and denied committing any of the offenses. The military judge heard the witnesses, observed their demeanor, evaluated their credibility and chose to reject the appellant's claim of innocence. This determination should not be lightly discarded. Our review of the record convinces us beyond a reasonable doubt that the appellant is guilty of the offenses of which he was convicted.

7. We note that because Private Brow pleaded guilty neither the staff judge advocate nor General Faith had any occasion to judge his credibility as a witness prior to the review of the appellant's case.

## VI

Included in the record of trial in this case is a "Petition for New Trial" which apparently was submitted only to the staff judge advocate and not to The Judge Advocate General. *Cf.* Article 73, Uniform Code of Military Justice, 10 U.S.C. § 873 (1976). We have reviewed the petition and hold that it does not state grounds for a new trial or raise matters for which the appellant should be granted relief.

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge CLAUSE concur.