# UNITED STATES

### v.

**Senior Airman Anthony R. BENTON, FR 259–29–8511, United States Air Force.**

### ACM 23521.

U. S. Air Force Court of Military Review.

Sentence Adjudged 23 March 1982.

Decided 7 Oct. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens. Captain James R. Marshall filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Lieutenant

Colonel Andrew J. Adams, Jr., and Major Michael J. Hoover.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

### PER CURIAM:

Pursuant to mixed pleas, the accused stands convicted of possession and transfer of methaqualone, and use and possession of marijuana. The approved sentence extends to a bad conduct discharge, confinement at hard labor for 75 days, forfeiture of $100 per month for three months, and reduction to the grade of Airman First Class.

The accused contends that the convening authority was disqualified from acting on this case because he had granted immunity to four potential prosecution witnesses. Of the witnesses so immunized, two did not testify at trial, and the two who did testified solely as to offenses of which the accused was found not guilty by the court.

■ We find that the convening authority was not disqualified from taking action in this case. A convening authority who grants immunity to a prosecution witness is normally thereafter disqualified from taking action on the record. *United States v. White,* 10 U.S.C.M.A. 63, 27 C.M.R. 137 (1958); *United States v. Christopher,* 9 M.J. 911 (A.C.M.R.1980). The reason for such disqualification is that the convening authority's impartiality becomes suspect if he is required to assess the credibility of a witness after he has granted the witness immunity. *United States v. Sierra-Albino,* 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974). If the convening authority is not required to assess such credibility then he is not disqualified from acting on the record. *United States v. Bosman,* 9 M.J. 784 (A.C. M.R.1980). He is not disqualified if the accused pleads guilty. *United States v. Hernandez,* 3 M.J. 916 (A.C.M.R.1977). If an accused is acquitted of an offense then the convening authority is not required to assess the credibility of the witnesses who testified regarding that offense. We therefore find that the convening authority was not disqualified from taking action on this case.

■ In the remaining assignment of error the accused contends that the evidence presented by the prosecution was insufficient to support a conviction of the offenses to which the accused pleaded not guilty. We have examined the record of trial and resolve this assignment of error adversely to the accused. Accordingly, the findings of guilty and sentence are

AFFIRMED.